**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

**CUS4, INC. D/B/A
RICHMAR & ASSOCIATES**
1513 Vermont Avenue, N.W.
Washington, D.C. 20005

and

**FEDERAL NATIONAL
COMMERCIAL, INC.**
7315 Wisconsin Avenue, Suite 820W
Bethesda, MD 20814

       **Plaintiff,**

   **v.**

**GEORGE WASHINGTON UNIVERSITY,**
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20052
**SERVE:**
      Linda Schutjer, Esq.
      Associate General Counsel
      George Washington University
      2100 Pennsylvania Avenue, N.W.
      Suite 250
      Washington, D.C. 20052

       **Defendant**

Case No. _____

## COMPLAINT

Comes now the Plaintiffs, CUS4, Inc., d/b/a RICHMAR & Associates, and Federal

National Commercial Inc., and files this complaint against Defendant, George Washington

University, alleging in support thereof as follows:

    **I.    JURISDICTION AND VENUE**

1.      This action arises under the Copyright Act of 1976, 17 U.S.C.A. §§ 101 et seq. ("Copyright Act"). This court is vested with subject matter jurisdiction of this action pursuant to 28 U.S.C.A. § 1338 and over the supplemental common law claims under 28 U.S.C.A. 1367.

2.      Venue lies in this judicial district pursuant to 28 U.S.C.A. §§ 1391(b), 1400(a).

## II.      PARTIES

3.      Plaintiff, CUS4, Inc. d/b/a RICHMAR & Assoicates ("Richmar") is a District of Columbia corporation. It is a developer and seller of custom software products and programs.

4.      Federal National Commercial, Inc. ("Federal National") is a Delaware corporation in the business of extending business credit, including the purchase of accounts receivable and extending commercial loans secured by accounts receivable and other business assets. On February 13, 2004, Federal National and Richmar entered into a Master Factoring Agreement, pursuant to which Federal National agreed to purchase accounts due or Richmar for services performed by Richmar.

5.      Defendant, George Washington University ("GW") is a District of Columbia corporation.

## III.      FACTS COMMON TO ALL ALLEGATIONS

6.      Plaintiff incorporates by reference paragraphs 1 through 5 above, as if fully set forth herein.

7.      On or about December 22, 2005 plaintiff entered into a time and materials contract with GW (the "Agreement"). (Agreement attached as Ex. 1, and incorporated herein by reference). Pursuant to the Agreement, GW agreed that Richmar, an independent contractor, would develop a computer system to manage electronic documents for GW. This included designing computer system architecture for defendant, which would permit GW to convert its

hard copy records to digital form, and to be able to retrieve information in these digitized documents by certain searches, including by name, subject matter and classification. Pursuant to the Agreement GW would provide the requirements of the system to Richmar.

8.      The Agreement did not provide that ownership of computer code and programs developed under the Agreement would be owned by the party commissioning the work, here, GW.

9.      Under the Copyright Act of 1976, the Agreement constitutes a "work for hire contract."

10.     Under the Copyright Act of 1976, an independent contractor, under a "work for hire contract" obtains ownership rights to work created by it. As such, under the Agreement, Richmar obtained ownership to those programs created by it.

11.     As Richmar would own the creative work developed under the Agreement, and recognized the potential market value of such a system,  Richmar agreed to a below market rate for its services, and also invested, at the request of GW, thousands of dollars of its time to develop the system, deliver the system by December 18, 2006 and develop an expanded prototype for GW's Office of Financial Aid.

12.     Richmar recognized that development of a computer system under the Agreement was a unique opportunity to develop a system that would have broad application to other universities and colleges, and that once developed by Richmar for GW, Richmar could market this system which would present substantial economic opportunities for Richmar.  Further, development of the system under the Agreement would permit a first-of-a-kind integration of the Documentum (electronic documents) and Banner (university applications) systems and provide

search capabilities to include *inter alia* university departments, students, undergraduate and graduate faculties.

13.    During the implementation of the Agreement, GW recognized that Richmar would own the system, and GW engaged in discussions with Richmar concerning selling the system, under which GW might host the system and lease the system and share in the revenues developed by Richmar.

14.    On March 30, 2006, GW issued a task order under the Agreement (the "Task Order," attached as Exhibit 2 and incorporated by reference herein) for Richmar to convert approximately 1,000,000 hard copy pages to digital form and for loading these images with predefined document attributes.

15.    Pursuant to the Agreement, Richmar developed a program named the Document and Case Management System ("DCMS"). The DCMS permits interfacing and employee and document searching between programs known as Documentum and Banner. Digitized documents are maintained in Documentum. Banner provides security for the computer system, and is designed to permit employees access to information dependent on their security classification. DCMS merges the functions of the two programs, controls the method of search and provides a back bone architecture that can permit use of the DCMS for all university activities and records.

16.    In approximately the middle of the development of the DCMS, September, 2006, GW's former head of its information technology department, known as Information Services System (ISS) left GW. Thereafter, GW's DCMS project manager also began to be transitioned out and left GW in January, 2007. In Septmeber, 2006, Ronald Bonig was named GW's Interim Chief Information Officer ("CIO").

4

17.     In November, 2006, GW informed Richmar because they did not want to delay
implementation of the DCMS, that they would not require the first release ("First Version) to
include a feature that had been considered by GW for inclusion in the DCMS, a "Document
Only" search feature. Richmar was directed not to continue development of this feature. It was
also agreed by Richmar and GW that after release of the First Version, Richmar would no longer
be paid under the Agreement for further development of the DCMS. Richmar, was requested,
however, to complete the scanning services under the March 30, 2006 Task Order.

18.     On December 18, 2006, the First Version of DCMS was successfully activated
and has been in use by GW since that date.

19.     On January 4, 2007, Ronald C. Bonig, GW's Interim CIO sent a letter to Richard
Gordon, Richmar's president. The letter requested that Richmar agree to a contract extension
(beyond the then expiration date of January 8, 2007) in order to complete additional work on the
DCMS and to complete the scanning project. Bonig also attached a punch list of items to be
completed before the expiration of the Agreement. (Letter and punchlist attached as Ex. 3).

20.     In his January 4, 2007 letter, Bonig promised that if Richmar would perform the
close out punch list items, including the scanning project, that "[u]pon satisfactory completion of
the tasks . . . payment would be made by GWU in accordance with section 7 of the Contract."
(Ex. 3).

21.     Also included in Bonig's punch list was for a request that Richmar remove all
code and requirements and design documents regarding the DCMS from its computers. By letter
of January 5, 2007, Richmar's Gordon advised Bonig that Richmar was under no obligation to
return the DCMS codes, requirement and design documents. Richmar informed Bonig that it

would not agree to this portion of the punch list and that if there was no agreement as of January 8, 2007 to extend the Agreement, Richmar would cease providing services to GW.  (Ex. 4).

22.     After Richmar objected to this provision, as it understood that under the Agreement Richmar was the owner of the underlying computer program and code, GW agreed to withdraw these item from the punch list. By withdrawing these items from the punch list, GW confirmed its agreement and understanding that Richmar had the ownership rights to the DCMS and that in the event GW desired to modify or enlarge the DCMS it would be required to obtain a license from Richmar or pay Richmar for such development. (Ex. 5).

23.     Also, in response to Gordon's January 4 letter, Bonig wrote to Gordon again on January 5, 2007.  In this letter, Bonig stated, inter alia, he recognized Richmar ownership rights to the DCMS system, and that he would withdraw the request.  Bonig wrote, inter alia, "it was not our intention to make RICHMAR erase its own intellectual property---which legally we would have no right to do anyway." (Ex. 5).

24.     Based upon Bonig's representation, Richmar agreed to complete the punch list on the First Version and agreed to proceed with the scanning as agreed (the "Punch List Agreement"), and Richmar then counter-signed Bonig's letter.

25.     Subsequent to December 18, 2006 and until on or about February 26, 2007, Richmar continued to complete scanning the GW documents into the DCMS system.

26.     Subsequent to Bonig's January 5, 2007 letter (Ex. 5) GW paid all outstanding invoices for the development and installation of the DCMS.  At no time, prior to paying these invoices, did GW advise Richmar that it believed that the invoices were not justified, supported, or earned or that GW was dissatisfied with the system.

27.     After entering the Punch List Agreement, Richmar completed its work on the

DCMS and completed the scanning Task Order and sent invoices to GW for the scanning project

as follows:

- January 5, 2007        (Invoices 23-S)      $71,350.80

- January 18, 2007       Invoice 24-S         71,476.67

- February 5, 2007       Invoice 25-S         69,715.69

- February 26, 2007      Invoice 26-S         20,881.01

28.     The total of the four invoices is $233,424.17.

29.     In March, 2007, Richmar not having been paid for its scanning services made

repeated requests for payment of the invoices.

30.     On March 23, 2007 GW's Bonig wrote to Richmar's Gordon and for the first time

informed Richmar that GW was not satisfied with Richmar's work in developing the DCMS and

would therefore refuse to honor the invoices for the scanning work.

31.     Richmar has sought on numerous occasions, including twice on April 5 and 9,

2007 by letter from its counsel, to have GW inform Richmar of what their specific grievances

were regarding the DCMS. GW has refused to provide this information to Richmar. As such,

Richmar has been unable to determine if there is a possibility to cure any alleged grievance, or

otherwise inform itself of GW's complaints.

32.     At no time while Richmar was developing the DCMS or conducting the scanning

project did GW ever threaten to withhold payment, or claim that it had not received value for

Richmar's services.

33.     In April, 2007, GW provided access to the DCMS Code to an outside computer

consultant who is a competitor of Richmar. This exposure poses an immediate and irreparable

threat to Richmar's exclusive rights to the DCMS and to exclusively market the DCMS to universities and colleges.

34.    GW itself provides commercial computer services to outside parties, including, leasing computer space and providing computer services and personnel.

## CAUSES OF ACTION

### COUNT I
(Copyright Infringement-Richmar)

35.    Plaintiff incorporates by reference paragraphs 1 through 34 above, as if fully set forth herein.

36.    The Agreement did not provide that ownership of computer code and programs developed under the Agreement would be owned by the party commissioning the work, here, GW.

37.    Under the Copyright Act of 1976, an independent contractor, under a "work for hire contract" obtains ownership rights to work created by it. As such, under the Agreement, Richmar obtained ownership to those programs created by it.

38.    By agreeing to develop the system as well as perform the scanning project for below market rates and, at times, working for free, Richmar has made a substantial and valuable investment of time and money in developing the DCMS.

39.    Defendant GW has never requested or obtained a license from Richmar to copy, modify or alter the code of the DCMS.

40.    Richmar has registered its DCMS software program with the Registrar of Copyrights and has received the Registrar certificate of registration, No. TX 6-537-700, a true copy of which is attached hereto as Exhibit 6.

8

41.     On or about March, 2007 defendant GW in order to add to the DCMS, *inter alia*, the Document Only Search feature, copied some or all of Richmar's DCMS and modified and changed certain portions of the program code.

42.     At no time has plaintiff Richmar authorized defendant GW to copy, alter or modify the DCMS or to permit access to the DCMS to Richmar's competitors.

43.     By making unauthorized modifications to the DCMS and by preparing unauthorized derivative code to the DCMS code, defendant GW has willfully infringed, and continues willfully to infringe, plaintiff Richmar's exclusive rights under the Copyright Act.

44.     As a consequence of the foregoing infringement, plaintiff Richmar has suffered, and will continue to suffer, substantial injury to its business and to its ownership rights in the DCMS.  As a further consequence of the foregoing infringement, defendant GW has been unjustly enriched, and will continue to be unjustly enriched at plaintiff Richmar's expense.

45.     Further irreparable harm to Richmar is imminent as a result of defendant GW's conduct, and Richmar is without an adequate remedy at law.  Richmar is entitled to an injunction restraining defendant GW, its officers, directors, agents, employees and all persons acting in concert with them from engaging in further such acts of copyright infringement.

46.     Richmar is further entitled to recover from defendant GW the damages sustained by plaintiff as a result of defendant's acts of copyright infringement.  Richmar is at present unable to ascertain the full extent of the monetary damage it has suffered by reason of defendant's act of copyright infringement, but Richmar is informed and believes, and on the basis of such information and belief alleges, that plaintiffs have sustained such damage in an amount exceeding $100,000.

## COUNT II
(Breach of Contract – Richmar)

47.     Richmar incorporates by reference paragraphs 1 through 46 above, as if fully set forth herein.

48.     Defendant GW has breached the Agreement, Task Order and Punch List Agreement by, refusing to pay for Richmar's scanning services.

49.     As a result Richmar has suffered substantial monetary loss and damage in an amount to be proven at trial, which includes, but is not limited to, monies owed under the Agreement, the Task Order and the Punch List Agreement, lost business opportunities and lost profits.

### COUNT III
(Fraud and Deceit-Richmar)

50.     Richmar incorporates by reference paragraphs 1 through 49 above, as if fully set forth herein.

51.     On or about January 4 and 5, 2007, defendant GW's agent and servant, Ronald Bonig made material misrepresentations of fact to Richmar and withheld material information from Richmar. Specifically, Bonig represented that GW would pay Richmar for development of the DCMS if Richmar would agree to complete the Punch List items for the First Version and complete the scanning services under the Task Order.

52.     Bonig had a duty not to mislead the plaintiff. Bonig knew that his representations would be understood by Richmar to mean that GW was satisfied with the DCMS and would pay for the development and implementation of the DCMS without set off, if Richmar finished the Punch List items on the DCMS and continued with the scanning project. On information and belief, Bonig knowing that GW did not own the copyright to the DCMS, and would require a license from Richmar to alter and modify the DCMS computer program sought to gain

10

bargaining leverage over Richmar by inducing Richmar to continue performing the scanning work knowing that GW would not to pay Richmar for its scanning services, and would falsely allege defects in the DCMS in order to prevent Richmar from asserting its copyright interests or being paid to develop modifications and add-ons to the DCMS. .

53.    Richmar relied on the misrepresentations, half-truths and concealments made by Bonig that it was satisfied with the DCMS and would not withhold payment for development and such reliance was justifiable under the circumstances.

54.    As a result of defendant's fraud and deceit plaintiff Richmar has suffered substantial monetary loss and damage in an amount to be proven at trial.  Further the conduct of GW's agent warrants the imposition of punitive damages.

## COUNT IV
(Negligent Misrepresentation -Richmar)

55.    Plaintiff incorporates by reference paragraphs 1 through 54 above, as if fully set forth herein.

56.    Defendant GW had a duty of reasonable care in communicating the terms and conditions of the Punch List Agreement.

57.    Defendant breached its duty by negligently making false representations and omissions regarding the term of the Punch List Agreement that it would pay for the DCMS development work before it was in a position to make such representation.

58.    Defendant's misrepresentations and concealments were designed and intended to induce plaintiff Richmar to act in reliance thereon by completing the DCMS punch list and completing the scanning project.

59.    Defendant knew, or in the exercise of reasonable care should have known that Richmar would rely on their misrepresentations and omissions, and that such reliance would result in loss or injury to Richmar.

60.    As a result of defendant's negligence, Richmar suffered substantial monetary loss and damages in an amount to be proven at trial.

### COUNT V
(Promissory Estoppel -Richmar)

61.    Plaintiff incorporates by reference paragraphs 1 through 60 above, as if fully set forth herein.

62.    On January 4 and 5, 2007 defendant, through its agent and servant, Ronald Bonig, made a promise to Richmar that if Richmar completed the DCMS development work as included in the punch list that GW would pay for the development of the DCMS.

63.    Defendant, through its agent and servant, Ronald Bonig, reasonably expected that this promise would induce Richmar to complete the development work and continue on the scanning project.

64.    The defendant's promise induced Richmar to complete the development work in the Punch List and to continue performing scanning services.

65.    Defendant has refused to honor its promise by withholding payments for the scanning services, now claiming defects in the development of the DCMS.

66.    Richmar has relied to its detriment on defendant's promise, in that it has paid out monies to employees, subcontractors and consultants for scanning services, and is now in danger of going out of business.

67.    Justice requires that Richmar be paid for the scanning services.

### COUNT VI

12

**(Breach of Contract – Federal National)**

68.     Plaintiff Federal National incorporates by reference paragraphs 1 through 67 above, as if fully set forth herein.

69.     Pursuant to the Master Factoring Agreement, Federal National purchased from Richmar the four (4) unpaid invoices described in paragraph 27 above, and in payment thereof has advanced to Richmar an amount not less than $198,410 for the assignment to Federal National of the all sums due or to become due under said invoices.

70.     On or about January 25, 2006, Federal National and Richmar both provided GW with written and authenticated notices of the assignment, directing GW to make all remittances to Federal National. (Notices attached as Exhibit 7). Said notices have not been rescinded or revoked, and remain in full force and effect. After receipt of the notices, GW sent all remittances under the Agreement to Federal National as requested in the notices.

71.     By applicable law (Uniform Commercial Code, Section 9-406(a)), GW may not discharge its obligation under the Agreement by paying Richmar, but may only discharge such obligation by payment to Federal National pursuant to the authenticated notices of assignment and payment directives described in paragraph 70 above.

72.     All sums payable under the Agreement are due and payable to Federal National, as assignee of and for the account of Richmar. Federal National has made demand for payment upon GW, which has refused and does continue to refuse to make any payment to Federal National under the Agreement.

## RELIEF

WHEREFORE, plaintiffs pray for the following relief:

**A.     As to Count I:**

13

A.    The issuance of a temporary restraining order, preliminary and permanent injunction ordering defendant to return to plaintiff Richmar all copies of the DCMS source code;

B.    The issuance of a temporary restraining order, preliminary and permanent injunction enjoining defendant, and all other persons working in concert with it, from in any way modifying the DCMS;

C.    The issuance of a temporary restraining order, preliminary and permanent injunction enjoining defendant and all other persons working in concert with it from in any manner commercially exploiting the DCMS.

D.    Judgment against the defendant, awarding to plaintiff Richmar either (a) actual damages in an amount to be determined at trial, together with defendant's profits derived from its unlawful infringement, or (b) statutory damages in an amount of $50,000 per infringement, at plaintiff Richmar's election before the entry of final judgment;

E.    Compensatory damages in an amount to be proven at trial;

**B.    As to Count II:**

A.    Compensatory damages in amounts to be proven at trial;

**C.    As to Counts III**

A.    Compensatory and punitive damages in amounts to be proven at trial;

**D.    As to Count IV and V**

A.    Compensatory damages

**E.    As to Count VI:**

A.    That judgment be entered in favor of the Federal National Commercial, Inc. against the defendant GW in the liquidated amount of $233,424.17, plus costs, interest, and attorneys' incurred in this action; and

B.     That plaintiff Federal National have such further and other relief as this Court

deems just.

**F.     As to all Counts I through V**

A.     Prejudgment interest;

B.     An award to Plaintiff Richmar of its costs and attorneys' incurred in this action;

and

C.     Such further relief as this Court deems just.

Geoffrey P. Gitner (D.C. Bar No. 176479)
Law Offices of Geoffrey P. Gitner
Watergate, Twelfth Floor
600 New Hampshire Ave., N.W.
Washington, D.C.  20037
Ph: (202) 772-5926
GGitner@Gitnerlaw.com

Leslie J. Polt (D.C. Bar No. 496179)
Adelberg, Rudlow, Dorf & Hendler, LLC
7 St. Paul Street, Suite 600
Baltimore, MD 21202-1612
Ph: (410) 986-0832
LPolt@AdelbergRudow.com

15

## <u>VERIFICATION</u>

**CUS4, Inc.**

I, Richard Gordon, as the president of Richmar & Associates, declare under penalty of perjury that I have knowledge regarding paragraphs 3 through 70 the foregoing is true and correct.

DATED: 5-7-07

_____
Richard Gordon, Jr.

16

## **CERTIFICATE OF SERVICE**

I certify that on May _7_, 2007 a copy of the foregoing Notice of Application for

Temporary Restraining Order and Emergency Status and Scheduling Conference to Consider

Plaintiff's Motion for Expedited Discovery and Scheduling of Preliminary Hearing, Motion for

Temporary Restraining Order, and Motion for Expedited Discovery were hand-delivered to:

> Linda Schutjer, Esq.
> Associate General Counsel
> George Washington University
> 2100 Pennsylvania Avenue, N.W.
> Suite 250
> Washington, D.C. 20052
>
> Counsel for Defendant

Geoffrey P. Gitner

# Exhibit 1

# CONTRACTUAL AGREEMENT

This contractual agreement is entered into on December 22, 2005 between The George Washington University, hereafter referred to as GWU, with offices at 2121 Eye Street N.W., Washington, D.C. 20052, and RICHMAR & Associates, hereafter referred to as Contractor, with offices at 220 F Street N.W., Washington, D.C. 20002.

WHEREAS, GWU desires to employ the services of Contractor to perform certain tasks; and

WHEREAS, Contractor desires to perform certain tasks for GWU,

NOW, THEREFORE, GWU and Contractor agree as follows:

## 1. DESCRIPTION OF SERVICES
Contractor will perform certain services such as helping to design a computer system architecture for GWU, installing and configuring the Documentum package for use by the Human Resources and Contract Management departments, and other tasks that may be specified by GWU.

GWU shall issue task orders against this contract for specific projects. Task orders shall be added to this contract as appendices.

Services Ordered (BASE) - The statement of work identifies the work to be accomplished. (See Appendix A) The cost includes estimated labor hours (by labor mix) at a fixed rate per hour for the applicable labor category. The minimum order shall be 80 hours.

## 2. PERIOD OF SERVICES
GWU retains Contractor to provide services and support for a period beginning January 9, 2006 and terminating January 8, 2007. This agreement may be renewed for additional one year periods upon the mutual agreement of the parties.

## 3. TERMINATION
This agreement shall end upon the termination date; or upon 30 day written notice from one party to the other; or upon the breach of any of the requirements contained herein. In the event of such termination, GWU's obligations shall be limited to payment for services performed prior to such termination and reimbursement of expenses incurred.

## 4. CONTRACTOR PERSONNEL
Contractor shall provide personnel to provide services to GWU, after approval of proposed personnel by GWU.

## 5. REPORTS
When requested, Contractor agrees to furnish written letter reports covering the results of its services, including services on tasks not completed due to termination of this agreement, and recommendations based thereon. Such reports shall be written and prepared in such fashion as to give GWU full and free use thereof, without limitation of any sort.

## 6. PROFESSIONAL CAPACITY OF CONTRACTOR

It is understood that the services Contractor will perform hereunder will be in its professional capacity as a Contractor and as an independent contractor; and that at no time shall any employee or subcontractor of Contractor be deemed to be an employee or agent of GWU, nor shall any employee or subcontractor of Contractor have authority to obligate GWU in any manner.

## 7. INVOICING

Payments for services shall be made upon receipt of invoices from Contractor on which Contractor will certify that services were rendered. Contractor shall render invoices on a monthly basis following the month in which services were rendered.

Any expenses to be incurred by Contractor shall be approved in advance in conformance with the usual and customary expense guidelines of GWU. Expense reimbursements will be submitted with itemized expenses and receipts for airline tickets, hotel expenses, and other expenses which GWU may reasonably require.

All invoices shall be submitted to: GWU, Attention: Accounts Payable. Contractor shall maintain appropriate time and expense records pertaining to the services performed under this agreement. Said records shall be subject to examination and audit by GWU.

## 8. ASSIGNMENT

No rights under this agreement may be assigned, and no obligations hereunder may be assumed by any person, agent, or company other than Contractor without the prior written approval of GWU. Contractor agrees to provide Jim Gearing as its representative.

## 9. INSURANCE

Contractor shall carry business liability insurance in the face amount of $4 million. Contractor shall also provide worker's compensation insurance and unemployment insurance for its employees.

## 10. CONFIDENTIAL INFORMATION

In the course of this agreement, Contractor may become familiar with confidential and sensitive information about the operation of GWU, GWU's employees, or GWU's students. Contractors recognizes the sensitivity and confidentiality of this information and agrees that its employees and subcontractors shall not at any time, during or after the term of this agreement, disclose to any person, firm, or other agent any confidential information, except under court order.

## 11. FULL FORCE

Contractor declares that there is no agreement between it and any other person, firm, or corporation which could cause this agreement not to have full force and effect.

## 12. GOVERNING LAW

This agreement shall be governed by and construed in accordance with the laws of the District of Columbia.

## 13. ENTIRE AGREEMENT

The parties of this agreement mutually agree that this agreement contains the final and entire agreement between the parties, and neither they nor their agents shall be bound by any terms, conditions, statements, warranties or representations, oral or written, not herein contained.

## 14. WRITTEN AGREEMENT

This agreement shall not be varied in its terms by any oral agreement or representation or otherwise than by an instrument in writing of subsequent date by both parties hereto.

**The George Washington University**

By: _____
Louis H. Katz

**RICHMAR and Associates**

By: _____
Richard Gordon, Jr.

Title:  Executive Vice President and Treasurer

Title: President/CEO

Date: ___1/4/06___

Date: __12/22/05__

C. The Contractor shall design data entry workflow and entry forms that represent the user interface.

## 3.2 Managerial Support Tasks

A. The Contractor shall attend weekly progress meetings with the GWU Workgroup.

B. The Contractor may be required to attend an initial "kick-off" meeting prior to regular weekly progress meetings to where the GWU Project Manager (PM) will provide necessary technical direction within the scope of the statement of work. If any questions arise as to whether any prescribed direction is not within the SOW, the Contractor must contact the GWU PM immediately prior to expending any effort, which is believed to be outside the scope of the SOW.

## 3.3 Administrative Support

A. The Contractor shall develop and prepare briefing packages, brochures, handouts and other information materials in various media. The Contractor shall plan and schedule conferences and meetings including the administration of background and support material.

B. The Contractor shall organize, prepare and execute GWU Workgroup displays and exhibits for technical conferences and shall make project briefings as required. The Contractor shall provide and/or conduct briefings or briefing material on any project information. The Contractor shall take minutes of all project meetings attended. The contractor shall include in the minutes the names of attendees/positions, organizations, phone numbers, and addresses of all persons attending meetings. All minutes of meetings shall be reviewed and approved by the GWU. The contractor shall incorporate all GWU comments into minutes and forward the minutes to the GWU for distribution. The contractor shall not distribute meeting minutes unless directed in writing by the GWU. The contractor's attendance on all meetings shall first be approved by the GWU prior to attendance.

C. The contractor shall perform the GWU Workgroup routine office administration as directed.

D. The Contractor shall arrange and facilitate meetings as directed by the GWU.

## 3.4 Program Management

The contractor shall efficiently and effectively manage the performance under this contract to ensure all the necessary technical, business, and administrative planning; organizing; managing; coordinating; and tracking (e.g., cost, schedule, deliverables), performance management, risk management, component procurement management, system engineering management, resource management, data management, and subcontract management required to perform all the activities successfully as required in the SOW. The Contractor representative is the primary point of contact for work to be performed under the resultant contract. The Contactor shall keep

the GWU Workgroup informed of any potential problems and make recommendations for solutions.

The Contractor shall ensure that assignments are completed in a thorough and timely manner and prepare written documentation of accomplishments. The GWU requirements in performing this contract demand that the Contractor's engineering, technical, analytical, and administrative support and the level of expertise, experience, and demonstrated performance of contractor personnel providing the services must be at the highest level of providing quality support.

The Contractor shall provide sufficient personnel, both in number and qualification to perform work described herein.

The Contractor shall provide sufficient oversight and supervision of the contract in order to ensure all employees are functioning within their designated labor categories and at acceptable levels of performance, and are performing their designated assignments in a timely manner and that all reporting requirements are honored. The Contractor shall provide a quality assurance system to ensure the University receives quality services as specified in the SOW.

## 3.5    Documentation

### 3.5.1    General Requirements

The Contractor shall coordinate with the GWU Workgroup on all reports, letters, memoranda, project documentation, minutes of meetings, steering committee reports, weekly reports, telephone conversation reports, trip reports and other written material. All documents shall be coordinated through the PM or designee prior to distribution. Further, all documents that will be distributed outside the GWU shall be reviewed for sensitive and/or classified information prior to any distribution of draft or final versions of those documents.

### 3.5.2    Document Review

The Contractor shall provide support to the GWU in the writing and/or reviewing of GWU program documentation. All documents prepared by the contractor shall be on the behalf of the GWU and the contractor may not independently publish or distribute any document without prior written permission from the GWU. The contractor shall review and provide written comments on the technical accuracy and completeness of each document. No documents, reports, information, etc., may be released to the public or provided to any party other than the GWU and it's contractors without review and written approval of the GWU.

### 3.6    Reporting Requirements

The Contractor shall provide a monthly steering report to the PM in letter format. The report shall describe the work accomplished during the reporting period, discuss problems encountered and corrective action taken, pending issues and work planned for the next period. In particular, the report shall address the extent to which any problems or circumstances will cause conflicts with the GWU project schedule.

The Contractor shall provide a monthly detailed breakdown of funds expended during the reporting period, including a breakdown of labor hours utilized by the contractor and any subcontractor, associated labor costs, material costs and other direct costs incurred.

The Contractor shall deliver each steering report no later than the fifth working day of the month following the reporting period.

The Contractor shall provide a weekly briefing to the PM, which will be followed by a written narrative/summary of any agreements/resolutions. The briefing may include alternatives, findings and recommendations concerning problems encountered and corrective action taken, pending issues and work planned for the next week. In particular, the briefing shall address the extent to which any problems or circumstances may cause conflicts with the GWU project schedule.

## 3.7    Deliverables

| Deliverable | Delivery Date |
| --- | --- |
| System Requirements and Design | March 06, 2006 |
| Upgrade Documentum to version 5.3 | March 20, 2006 |
| Develop General Use Documentum module | April 03, 2006 |
| Develop Human Resources Documentum module | April 24, 2006 |
| Load Human Resources Documents and Records | May 08, 2006 |
| Develop Contract Administration Documentum module | May 29, 2006 |
| Load Contract Administration Documents and Records | June 12, 2006 |
| Develop enhanced system user interface | TBD |
| Develop enhanced reporting capabilities | TBD |
| Modify database tables and attribute structures | TBD |
| Develop archival database subsystem | TBD |
| Develop and deliver long term system support plan | TBD |
| Develop Training Package for Administrators/Webmasters | TBD |
| Deliver Training to Administrators/Webmasters | TBD |

## A. PERSONNEL

| Labor Category | Rates | Hours | Cost |
|---|---|---|---|
| Executive Management Consultant | $ 150.00 | | |
| Senior Engineer | $ 144.00 | | |
| Senior Management Consultant | $ 125.00 | | |
| Systems Analyst | $  98.00 | | |
| Quality Analyst | $  85.05 | | |
| Help Desk Specialist | $  45.00 | | |
| Administrative Assistant | $  33.67 | | |
| **Total** | | | |

## B. TASK ORDERS

# Exhibit 2

# TASK ORDER

This task order is issued on March 29, 2006 by the George Washington University, hereafter referred to as GW, with offices at 2121 Eye Street N.W., Washington, D.C. 20052, to RICHMAR & Associates, hereafter referred to as Contractor, with offices at 220 F Street N.W., Washington, D.C. 20002.

Special provisions attached to and hereby made part of thereof, the contract dated December 22, 2005 to design the computer system architecture for GW, installing and configuring the Documentum package for use by the Human Resources.

WHEREAS, GW desires to employ the services of Contractor to perform certain additional tasks; and

WHEREAS, Contractor desires to perform certain additional tasks for GW,

NOW, THEREFORE, GW and Contractor agree as follows:

## *DESCRIPTION OF SERVICES*
Contractor will perform additional services such as helping to convert paper document to digital images and loading these images with predefined document attributes into the GW Documentum package for use by the Human Resources.

## *WRITTEN AGREEMENT*
The parties of this agreement mutually agree that this task order contains the final and entire agreement between the parties, and neither they nor their agents shall be bound by any terms, conditions, statements, warranties or representations, oral or written, not herein contained.
This task order shall not be varied in its terms by any oral agreement or representation or otherwise than by an instrument in writing of subsequent date by both parties hereto.


George Washington University                    RICHMAR and Associates

By:                                             By:
(name)                                              Richard Gordon, Jr.

Title: *DEP. CTO*                               Title: *President/CEO*

Date: *3/29/06*                                 Date: *3/30/06*


Rev. 3/30/2006

220 F Street N.E.
Washington DC 20002
202-544-2015-OFFICE
202-544-2016-FAX
www.richmar.info

**RICHMAR &
Associates**

**Welcome to
The New Way Of
Learning**

# Fax

**To:** PEGGY STEADMAN    **From:** RICHMAR (JIDE DADA)

**Fax:** 703 726 1922    **Pages:** 2

**Phone:** 703 726 1998    **Date:** 3/31/06.

**Re:** TASK ORDER    **cc:**

☐ Urgent    ☒ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

● **Comments:**

As per your Facsimile on Task Order.

**Facsimile**

Date: March 30, 2006
Cover + 1

To: Jide Dada

Fax #: 202 544 2016

**From:**
Peggy Steadman
The George Washington University
703 726 1998 (tel)
703 726 1922 (fax)

NOTES:
Jide - The attached is for Richard's signature as soon as possible. After he signs, please fax to me at the number above.
Thanks, Peggy

# Exhibit 3

JAN. 3. 2007  3:25PM    BANNER-APPLICATIONS                 NO. 6665   P. 2



THE GEORGE
WASHINGTON
UNIVERSITY
WASHINGTON DC

OFFICE OF THE CHIEF INFORMATION OFFICER

4 January 2007

**Via First Class Mail and Fax**

Richard Gordon, Jr.
President and CEO
Richmar & Associates
220 F Street, N.W.
Washington, D.C. 20002

**Re: Closeout of Contract with The George Washington University**

Dear Mr. Gordon:

The George Washington University ("GWU") and Richmar & Associates ("Contractor")
entered into a Contractual Agreement dated December 22, 2005 (the "Contract"). By its
terms, the Contract terminates January 8, 2007. Certain work remains to be completed by
Contractor under the Contract. The purpose of this letter is to evidence the agreement of
GWU and Contractor with respect to the closeout of the Contract.

Attached to this letter, and made a part hereof by reference, is the "DCMS Closeout List"
(the "List"). The parties agree that Contractor will undertake to complete the tasks set
forth on the List by the dates set forth for completion with respect to each task. To allow
for the completion of these tasks, the term of the Contract will remain in full force and
effect until the earlier of the date that all tasks are completed to the reasonable
satisfaction of GWU or February 15, 2007. Upon satisfactory completion of the tasks,
Contractor may invoice GWU for these services and payment will be made by GWU in
accordance with Section 7 of the Contract.

Except as modified by this letter, the Contract remains in full force and effect. In the
event of a conflict between the terms of the Contract and the terms of this letter, the terms
of this letter shall govern.

December 22, 2006
Page 2

I ask that you sign and return a copy of this letter to me to evidence your consent to its
terms. Of course if there are questions, please do not hesitate to let me know.

Sincerely,

Ronald C. Boulg
Interim Chief Information Officer

Agreed and Accepted this _____ day of January, 2007

Richard Gordon, Jr.
President and CEO
Richmar & Associates

Attachment: DCMS Closeout List

# Exhibit 4



*Advisors and Consultants*

725 East Capitol Street, SE
Washington, DC 20003
Phone (202) 544-2015
Facsimile (202) 544-2016

January 5, 2007

Ronald C. Bonig
Interim Chief Information Officer
801 22 Street, NW
Suite B-151
Washington, DC 20052

Dear Mr. Bonig:

We have reviewed the proposed contract extension for work that needs to be completed under the Contract. It was our understanding that the purpose of the contract extension was for the continuation of back scanning and indexing of HR documents that were recently delivered. However, based on our review, the proposal does not address the issues of continued back scanning and indexing.

Many of the items in the DCMS closeout our list have been accomplished or are almost complete. In cases where we have completed or scheduled the completion of an item it is indicated on the modified DCMS closeout checklist. However, RICHMAR is under no obligation to fulfill the requests in items 8-10 and we do not agree with those items.

Given the contract between the parties expires January 8, 2007, Sunday night at midnight, it is imperative that we resolve any outstanding issues between us concerning continued back scanning and indexing as soon as possible. Absent an agreement between the parties before the expiration of the existing contract, RICHMAR will terminate all work effective Sunday night at midnight and a new contract will be required.

We will be more than pleased to discuss this matter further. In the meantime, please do not hesitate to let me know if I can be of any other service.

Best regards

Richard Gordon, Jr.
President/CEO

Enclosure

*"We Protect Your Investment In Intellectual Capital"*
SM

| DCMS Closeout List | | |
|---|---|---|
| 1 | Provide Solution Design Document, and all other DCMS documentation prepared by Richmar. Documents should be provided in their current state; no other work should be done on documentation. Documents include the project notebook, documentation/working papers prepared by developers, any documentation prepared by Jim, etc. | Agree - Completed January 4, 2007 |
| 2 | Ensure all source code developed by Richmar is delivered to GW. It is believed that all DCMS release 1source code has been received; Richmar asked to validate. | Agree - Completed December 5, 2007 |
| 3 | Turn over all source code developed for release 2 but not delivered. Source code to be delivered as is; no additional development should be done. Code to be delivered on DVD, with face-to-face turnover to review what is being delivered. | Agree - Completed December 5, 2007 |
| 4 | Turn over all source code developed for Flexible Framework (Jae said configuration modules was 90% complete). Source code to be delivered as is; no additional development should be done. Code to be delivered on DVD, with face-to-face turnover to review what is being delivered. | Agree - Completed December 5, 2007 |
| 5 | Deliver final list of form group/form names (back scan and go-forward names). Richmar will provide an updated list on 12/15/06 for go-live. Updates will be delivered as needed through 1/31/07 to ensure DCMS is in sync with delivery of indexed files/DVDs. A final list will be delivered once all indexing is completed and validated. | Agree |
| 6 | Deliver VPN tokens being used by Jae Lim, Wei, and Jim Gearing. Tokens to be retuned before 1/8/07 with exception of Jim's, his token will remain active through 1/31/07. | Agree |
| 7 | Deliver DVDs (original and a duplicate copy) of all indexed documents, and scanned images; along with Chain of Custody forms for each DVD. Associated master list updates to be provided with each DVD delivery. | Agree |
| 8 | Copies of code developed as part of the DCMS project must be erased from all developer machines, from backup media, etc. Erasure must ensure files are destroyed and un-retrievable. | Do Not Agree |
| 9 | Copies of documentation prepared as part of the DCMS project must be erased from all computers, backup medium, etc. Erasure must ensure files are destroyed and un-retrievable. | Do Not Agree |
| 10 | Paper copies of Project documents, files, DCMS code, etc., must be turned over to GW for destruction, or Richmar may choose to shred. | Do Not Agree |
| 11 | Erase all GW data that may on hard drives, portable backup drives, thumb drives, CDs, DVDs, etc., (i.e. files used to print PIDM pages, backups of images taken to MD, portable drives used to provide backups of images to GW, etc.). Erasure must ensure files are destroyed and un-retrievable. | Agree |

| | | |
|---|---|---|
| 12 | Erase all back scan images from hard drives used at both scan operations. Erasure must ensure files are destroyed and un-retrievable. Erasure should not be done until GW has validated and accepted delivery; Final delivery to be validated by GW within two weeks of delivery. | Agree |
| 13 | Erase all indexed images and other files from hard drives used at both indexing operations. Erasure must ensure files are destroyed and un-retrievable. Erasure should not be done until GW has validated and accepted delivery; Final delivery to be validated by GW within two weeks of delivery. | Agree |
| **Note:** All agreed upon items on the Closeout List are to be completed as follows. All DCMS related items to be completed on or before 1/8/07. All back scan related items to be completed on or before 1/31/07 unless specifically specified on the closeout list. | | |

# Exhibit 5

JAN. 5. 2007  4:10PM    BANNER-APPLICATIONS                    NO. 0070   P. 2



THE GEORGE
WASHINGTON
UNIVERSITY
WASHINGTON DC

RONALD C. BONIG
DEPUTY CHIEF INFORMATION OFFICER

INFORMATION SYSTEMS AND SERVICES

January 5, 2007

Via E-Mail
Richard Gordon, Jr.
President and CEO
Richmar & Associates
220 F Street, N.W.
Washington, D.C. 20002

Re:    Closeout of Contract with
        The George Washington University

Dear Mr. Gordon:

It appears that my letter of January 4th to you was not as clear as it should have been resulting in unwarranted concerns. Please let me allay those concerns now as there was never any intention on the part of the University to require RICHMAR to destroy any of its own intellectual property. It was simply our intent to document the extension of the term of the Agreement to allow for the completion of the back scanning and indexing and, while we were at it, to address practical issues associated with the wind-down of this project.

Under the terms of the Agreement between RICHMAR and GW, RICHMAR agrees to prepare certain documents and documentation. Section 3.5.2 of the Statement of Work provides that such documents and documentation may not be provided to anyone other than GW without the review and written approval of GW. Further, Section 10 of the base Agreement requires that information obtained by RICHMAR from GW be held as confidential which again would mean it could not be released without the consent of GW. Given that the term of the Agreement is to end, rather than expect RICHMAR to store this information, we thought it made sense for us to say that it should be destroyed. That was the intent of items 8 – 10.

Subject to the foregoing, we had expected that item 8 would be read as encompassing code that was provided or developed by GW and/or its employees – not code that was developed solely by RICHMAR. As I said above, it was not our intention to make RICHMAR erase its own intellectual property – which legally we would have no right to do anyway.

I hope this addresses your concerns.

*[signature]* I CNCUR 1/5/07
*[signature]* 1/5/06

# Exhibit 6

# Certificate of Registration



**Form TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

**TX 6-537-700**

TX 000065377000

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

EFFECTIVE DATE OF REGISTRATION

| | | |
|---|---|---|
| 4 | 16 | 07 |
| Month | Day | Year |

SEPARATE CONTINUATION SHEET.

---

**1**

**TITLE OF THIS WORK ▼**
Document and Case Management System

**PREVIOUS OR ALTERNATIVE TITLES ▼**
DCMS

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   **Title of Collective Work ▼**

If published in a periodical or serial give: Volume ▼      Number ▼      Issue Date ▼      On Pages ▼

---

**2**

**a**   **NAME OF AUTHOR ▼**
Impact Innovations Systems, Inc.

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶ United States

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
Computer program

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b**   **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c**   **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

---

**3**

**a**   **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
2006   ◀ Year

**b**   **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month ▶ December   Day ▶ 18   Year ▶ 2006
United States   ◀ Nation

---

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Richmar & Associates
1513 Vermont Ave., N.W., Washington, D.C. 20005

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼
Assignment

See instructions before completing this space.

**APPLICATION RECEIVED**
APR 1 6 2007
**ONE DEPOSIT RECEIVED**
Apr 16 2007
**TWO DEPOSITS RECEIVED**

**FUNDS RECEIVED**

DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK ▶**   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages

**FORM TX**

CHECKED BY

☐ CORRESPONDENCE
   ☐ Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes. ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▶          Year of Registration ▶

**5**

**DERIVATIVE WORK OR COMPILATION**
Preexisting Material Identify any preexisting work or works that this work is based on or incorporates: ▼
Certain code from pre-existing computer programs "Grievance Electronic Trading
System" and "Memorandum of Agreement System" are incorporated – no claim of
copyright is asserted therein

**a  6**

See instructions
before completing
this space.

Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼
Compilation and additional new computer code

**b**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                Account Number ▼

**a  7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/Zip ▼
Susan B. Flohr
Blank Rome LLP
600 New Hampshire Avenue, N.W., Washington, D.C. 20037

**b**

Area code and daytime telephone number ▶ 202-772-5800          Fax number ▶ 202-772-5858
Email ▶  flohr@blankrome.com

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the
                                                    ☐ author
Check only one ▶ {                                  ☐ other copyright claimant
                                                    ☐ owner of exclusive right(s)
of the work identified in this application and that the statements made   ☒ authorized agent of  Richmar & Associates
by me in this application are correct to the best of my knowledge.        Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Susan B. Flohr                                                      Date ▶ 4-16-07

Handwritten signature ▼
*Susan B Flohr*

**Certificate
will be
mailed in
window
envelope
to this
address:**

Name ▼
Susan B. Flohr c/o Blank Rome LLP                    ( 811255. 00102)
Number/Street/Apt ▼
600 New Hampshire Avenue, N.W.
City/State/Zip ▼
Washington, D.C. 20037

**9**

17 U.S.C. §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Form TX – Full   Rev. 11/2006   Print: 11/2006 — 50,000   Printed on recycled paper          U.S. Government Printing Office: 2006-xx-xxx/60,xxx

# Exhibit 7



**INVOICE**

Award Number:
Invoice Number: ED-06-GWU-ISS-DOC-23 - S
Tax ID Number: 54-1827538
CLIN 0001
Purchase Order Number 1000082157

Billing Date:     04-Jan-07
Due Date:         Net 30 days

The George Washington University
ISS - Administrative Applications
44983 Knoll Square Drive, Suite 380
Ashburn, VA 20147

Billing Period:
12/16/06 - 12/31/06

| Labor Categories | | Current Rate | Current Hours | | Current Amount |
|---|---|---|---|---|---|
| Executive Management Consultant | $ | 150.00 | 102.50 | $ | 15,375.00 |
| Senior Engineer | $ | 144.00 | 0.00 | $ | - |
| Senior Management Consultant | $ | 125.00 | 52.50 | $ | 6,562.50 |
| Jr. Project Manager II | $ | 100.00 | 0.00 | $ | - |
| Jr. Project Manager | $ | 75.00 | 0.00 | $ | - |
| Systems Analyst | $ | 98.00 | 20.00 | $ | 1,960.00 |
| Quality Analyst | $ | 85.05 | 0.00 | $ | - |
| Help Desk Specialist | $ | 45.00 | 0.00 | $ | - |
| Administrative Assistant | $ | 33.67 | 1366.50 | $ | 46,010.06 |
| | | | | | |
| Totals Hours | | | 1541.50 | | |
| Total Direct Labor | | | | $ | 69,907.56 |
| Other Direct Costs - Scanning 8,018 pages at 0.18/page | | | | $ | 1,443.24 |
| Total Costs | | | | $ | 71,350.80 |
| | | | | | |
| Total Amount Due | | | | $ | 71,350.80 |

This is to certify that the services set forth herein were performed during the period stated, and that incurred costs billed were actually expended.

Richard Gordan, Jr.
President

Remit Payment to:

Federal National Commercial, Inc.
Fao: CUS4/Richmar Associates
P.O. Box 403826
Atlanta GA 30384-3826

)

**Richmar & Associates**

**Time Accounting Sheet**

Employee/Contractor Name: Alex Belcht
Period: December 16 – 31, 2006

| | | | | Reg Hrs | 9 |
|---|---|---|---|---|---|
| Work days in period | 9 | | Pers Time Off | 1 | |
| Holidays in period | 1 | | Holiday | 80 | |
| Hours in period | 80 | | Total Hours | 8 | |
| Hours unaccounted for | 8 | | | | |

Reg Hrs 64.
Pers Time Off 8.
Holiday / Total Hours 72.

| Charge To: | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | 1–15 Total | 16–31 Total | Month Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FAA – GETS – Meetings | | | | | | | | | | | | | | | | | | | |
| FAA – GETS – Changes Batch 1 | | | | | | | | | | | | | | | | | | | |
| FAA – GETS – Changes Batch 2 | | | | | | | | | | | | | | | | | | | |
| FAA – GETS – Arbitrations | | | | | | | | | | | | | | | | | | | |
| 0 | | | | | | | | | | | | | | | | | | | |
| GWU – Docu – Meetings | | | | | | | | | | | | | | | | | | | |
| GWU – Docu – Reqs/Design | | | | | | | | | | | | | | | | | | | |
| GWU – Docu – Upgrade to 6.3 | | | | | | | | | | | | | | | | | | | |
| GWU – Docu – Architecture Framework | | | | | | | | | | | | | | | | | | | |
| GWU – Docu – HR Module | | | | | | | | | | | | | | | | | | | |
| GWU – Docu – Back Scan Requirements | | | 3. | 3. | 3. | 3. | | | | | 3. | | | | | | 34. | 20. | 54. |
| GWU – Docu – Back Scan Design/Prog. | | | | | | | | | | | | | 6. | | | | | | |
| GWU – Docu – Backscan, Index, Load | | | | | | | | | | | | | | | | | | | |
| GWU – Docu – Training | | | | | | | | | | | | | | | | | | | |
| GWU – Docu – Phase 2 | | | | | | | | | | | | | | | | | | | |
| tbd | | | | | | | | | | | | | | | | | | | |
| tbd | | | | | | | | | | | | | | | | | | | |
| 0 | | | | | | | | | | | | | | | | | | | |
| **Non-Billable** | | | | | | | | | | | | | | | | | | | |
| Overhead | | | 5. | 5. | 5. | 5. | 8. | | | 5. | 5. | | 3. | 8. | | | 46. | 44. | 90. |
| Personal Time Off | | | | | | | | | 8. | | | | | | | 8. | | 8. | 8. |
| Holiday | | | | | | | | | | | | | | | | | | | |
| **TOTAL Billable** | | | 3. | 3. | 3. | 3. | | | 8. | 3. | 3. | | 3. | 8. | | | 34. | 20. | 54. |
| **TOTAL** | | | 8. | 8. | 8. | 8. | 8. | | 8. | 8. | 8. | | 8. | 8. | | | 88. | 72. | 160. |

Employee/Contractor Signature: _____  Date: _____

Supervisor Signature: _____  Date: 1/4/07

Please purchase GdFast PDF Driver on http://www.verypdf.com/artprint/index.html to remove this message.

# Richmar & Associates

## Time Accounting Sheet

Employee/Contractor Name: Worldwide Digital
Period: December 16 - 31, 2005

| | |
|---|---|
| Work days in period | 8 |
| Holidays in period | |
| Hours in period | 64 |
| Hours unaccounted for | 0 |

| | |
|---|---|
| Reg Hrs | 64. |
| Pers Time Off | |
| Holiday | |
| Total Hours | 64. |

| Charge To: | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | 1 - 15 Total | 16-31 Total | Month Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| GW Scan - Nicholas Mann | | | | | | | | | | | | | | | | | 70. | 10.5 | 80.5 |
| GW Scan - Subramanian Muthukaruppan | | | 4.5 | 6. | | | | | | | | | | | | | | | |
| GW Scan - Xuan-Huong Nguyen | | | | | | | | | | | | | | | | | | | |
| GW Scan - Dione Hamer | | | | | | | | | | | | | | | | | | | |
| GW Scan - Michelle Barnes | | | | | | | | | | | | | | | | | | | |
| GW Scan - Unique Quarles | | | | | | | | | | | | | | | | | | | |
| GW Scan - Bernedette Dixon | | | | | 8.5 | 4.25 | | | | | | | | | | | 79.5 | 20.5 | 100. |
| GW Scan - Laquinda Selby | | | 7.75 | | 8. | 8.5 | | | | | | | | | | | 77.75 | 33. | 110.75 |
| GW Scan - Dominique Roberts | | | | 8. | 8. | 8.5 | 8.5 | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |

| Non-Billable | | | | | | | | | | | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Overhead | | | | | | | | | | | | | | | | | |
| Personal Time Off | | | | | | | | | | | | | | | | | |
| Holiday | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | 12.25 | 14. | 16.5 | 12.75 | 8.5 | | | | 227.25 | 64. | 291.25 |
| TOTAL Billable | | | | | | | | | 12.25 | 14. | 16.5 | 12.75 | 8.5 | | | 227.25 | 64. | 291.25 |
| TOTAL | | | | | | | | | | | | | | | | | |

Employee/Contractor Signature: _____    Date: _____

Supervisor Signature: _____    Date: 1/4/07

# Richmar & Associates
## Time Accounting Sheet

Employee/Contractor Name: Jim Gearing
Period: December 16 - 31, 2006

| | |
|---|---|
| Work days in period | 9 |
| Holidays in period | 1 |
| Hours in period | 80 |
| Hours unaccounted for | 7.5 |

| | |
|---|---|
| Reg Hrs | 64.5 |
| Pers Time Off | - |
| Holiday | 8. |
| Total Hours | 72.5 |

| Charge To: | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | 1-15 Total | 16-31 Total | Month Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FAA - GETS - Meetings | | | | | | | | | | | | | | | | | | | |
| FAA - GETS - Changes Batch 1 | | | | | | | | | | | | | | | | | | | |
| FAA - GETS - Changes Batch 2 | | | | | | | | | | | | | | | | | | | |
| FAA - GETS - Arbitrations | | | | | | | | | | | | | | | | | | | |
| 0 | | | | | | | | | | | | | | | | | | | |
| GWU - Docu - Meetings | | | | | | | | | | | | | | | | | | | |
| GWU - Docu - Reqs/Design | | | | | | | | | | | | | | | | | 89. | | 89. |
| GWU - Docu - Upgrade to 5.3 | | | | | | | | | | | | | | | | | | | |
| GWU - Docu - Architecture Framework | | | | | | | | | | | | | | | | | | | |
| GWU - Docu - HR Module | | | | | | | | | | | | | | | | | | | |
| GWU - Docu - Back Scan Requirements | | | | | | | | | | | | | | | | | | | |
| GWU - Docu - Back Scan Design/Prog. | | | | | | | | | | | | | | | | | | | |
| GWU - Docu - Backscan, Index, Load | | | 7. | 8. | 7.5 | 8. | 5. | | | | 7. | 8. | 7. | 7. | | | | 64.5 | 64.5 |
| GWU - Docu - Training | | | | | | | | | | | | | | | | | | | |
| GWU - Docu - Phase 2 | | | | | | | | | | | | | | | | | | | |
| tbd | | | | | | | | | | | | | | | | | | | |
| tbd | | | | | | | | | | | | | | | | | | | |
| 0 | | | | | | | | | | | | | | | | | | | |
| **Non-Billable** | | | | | | | | | | | | | | | | | | | |
| Overhead | | | | | | | | | | | | | | | | | | | |
| Personal Time Off | | | | | | | | | | | | | | | | | | | |
| Holiday | | | | | | | | | | 8. | | | | | | | | 8. | 8. |
| **TOTAL Billable** | | | 7. | 8. | 7.5 | 8. | 5. | | | | 7. | 8. | 7. | 7. | | | 89. | 64.5 | 153.5 |
| **TOTAL** | | | 7. | 8. | 7.5 | 8. | 5. | | | 8. | 7. | 8. | 7. | 7. | | | 89. | 72.5 | 161.5 |

Employee/Contractor Signature:

Supervisor Signature:

Date:
Date: 1/4/07

# Richmar & Associates

## Time Accounting Sheet

| | |
|---|---|
| Work days in period | 8 |
| Holidays in period | 64 |
| Hours in period | 0 |
| Hours unaccounted for | |

| | |
|---|---|
| Reg Hrs | |
| Pees Time Off | 1393. |
| Holiday | |
| Total Hours | 1393. |

Employee/Contractor Name: Central Data Processing
Period: December 16 - 31, 2006

| Charge To: | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | 1-15 Total | 16-31 Total | Month Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| GW Scan Manager - Mike Holt | 2 | 2 | 2 | 2 | 2 | 2 | 8 | 2 | 2 | | 2 | | 2 | 8 | 2 | | | 38 | 38. |
| GW Scan Manager - Dottie Holoubek | | | | | | | | | | | | | | | | | | | |
| GW Scan Manager - Dan Holoubek | 4 | 3.5 | 4 | 3.5 | 4 | 3.5 | 4 | 3.5 | 4 | | | 3.5 | 4 | 3.5 | 4 | 3.5 | | 62.5 | 62.5 |
| 0 | | | | | | | | | | | | | | | | | | | |
| GW Scan - A J Bacchus | 16.5 | 16.5 | | 8.5 | 7.5 | 10 | | 17 | | | | | 7 | | | 18 | | 67.5 | 67.5 |
| GW Scan - Amir Lotfi | | | 8 | 6 | 7.5 | 6 | 4.5 | 4.5 | | | | | | 8 | | | | 46. | 46. |
| GW Scan - Chanteau Benton | | | | | | | | | | | | | | | | | | | |
| GW Scan - Cherlo Babb | | | | | | | | | | | | | | | | | | | |
| GW Scan - Davida Potts | | | | | | | | | | | | | | | | | | | |
| GW Scan - Ethel Marsteller | 8 | 8.5 | 12 | 15 | 10 | 13.5 | 14 | 11.5 | 8 | 16 | 12.5 | 14 | 13 | 13 | 13 | | | 162.5 | 162.5 |
| GW Scan - Isaac Hughes | | | 8 | | 7 | 8.5 | 8.5 | | | | | | 6.5 | 8 | | | | 54.5 | 54.5 |
| GW Scan - Leila Aghazadeh | | | | 8 | 6.5 | 6.5 | 7 | | | | 6.5 | 6.5 | 8 | 7 | | | | 54. | 54. |
| GW Scan - Megan Bradley | | | | | | | | | | | | | | | | | | | |
| GW Scan - Micheal Brown | 16.5 | 21 | 11 | | 11 | 10 | 9 | 11.5 | 8 | | 12.5 | | 15 | 15 | 9 | 18 | | 167.5 | 167.5 |
| GW Scan - Nancy Goff | | | | | | | | | | | | | | | | | | | |
| GW Scan - Ngoc Dang | | | | | | | | | | | | | | | 1.5 | 4 | | 5.5 | 5.5 |
| GW Scan - Nguyet Dang | | | 8 | 8 | 8 | 8 | | | | 7.5 | | 8 | 8 | 8 | | | | 55.5 | 55.5 |
| GW Scan - Nikki McKinney | | | 7.5 | 8 | 8 | 7.5 | 8.5 | | | | 8 | 8 | 8 | 8 | | | | 63.5 | 63.5 |
| GW Scan - Steve Clark | | | 7.5 | 8 | 10.5 | | 7.5 | | | 8 | 8 | 10.5 | 10. | | | | | 67.5 | 67.5 |
| GW Scan - Tiffany Johnson | | | 9 | 10 | 11 | 10 | 13 | | | 8 | 10.5 | 10.5 | 10 | 10 | | | | 91.5 | 91.5 |
| GW Scan - Verglina Hawkins | | | 9 | 10 | 10 | 10 | | | | 10 | 10.5 | 10 | 10 | 10 | | | | 80.5 | 80.5 |
| GW Scan - Vernetta Knight | | | 11 | 10 | 11.5 | 11.5 | | | | 10 | 10 | 10 | 10 | 10 | | | | 62.5 | 62.5 |
| GW Scan - Yvonne Morrison | | | | | | | | | | | | | | | | | | | |
| GW Scan - Zandra Curran | | | | | | | | | | | | | | | | | | | |
| GW Scan - Lucille Rattliff | | | 4 | 8 | 4 | 3.5 | 4 | | | 4 | 5 | 4 | 5 | 6 | | | | 33.5 | 33.5 |
| GW Scan - Bernesteen Best | | | 6.5 | 8 | 9 | 7 | 7 | 4 | | 9.5 | 10.5 | 10.5 | 11.5 | 8 | | | | 81. | 81. |
| GW Scan - Jide Dada | | | 12.5 | 12.5 | | 12 | 12.5 | 5.5 | | 7.5 | 12.5 | 12.5 | 12.5 | 14 | 5 | | | 101.5 | 101.5 |
| GW Scan - Dominique Selby | | | | | 6 | | | | | 8 | 8 | 11 | 12 | 12 | | 6 | | 63. | 63. |
| GW Scan - Jesse Gillespie | 2.5 | 9.5 | 9.5 | | | | | | | 6 | 8 | 8 | 9.5 | 13.5 | | | | 55. | 55. |
| GW Scan - | | | | | | | | | | | | | | | | | | | |

| | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| GW Scan - | | | | | | | | | | | | | | | | | | | 1393. | 1393. |
| GW Scan - | | | | | | | | | | | | | | | | | | | 1393. | 1393. |
| GW Scan - | | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | | |
| Non-Billable | | | | | | | | | | | | | | | | | | | | |
| Overhead | | | | | | | | | | | | | | | | | | | | |
| Personal Time Off | | | | | | | | | | | | | | | | | | 30.5 | | |
| Holiday | | | | | | | | | | | | | | | | | | 30.5 | | |
| TOTAL Billable | 33. | 51.5 | 129.5 | 124.5 | 122. | 128.5 | 107.5 | 43.5 | 22. | 16. | 102. | 127. | 160. | 161. | 34.5 | | | | | |
| TOTAL | 33. | 51.5 | 129.5 | 124.5 | 122. | 128.5 | 107.5 | 43.5 | 22. | 16. | 102. | 127. | 160. | 161. | 34.5 | 30.5 | | | | |

Employee/Contractor Signature: _____  Date: _____

Supervisor Signature: _____  Date: 1/4/07

Jan 05 07 10:25a    Richard Gordon, Jr.                    202 544-2016        p.1

# FEDERAL NATIONAL PAYABLES, INC.

## INVOICE VERIFICATION FORM

### This is not a request for payment

**Customer:    George Washington University**

**Contract or Purchase Order No: 1000082157**

**FNP Client/Supplier:    CUS4, Inc. d/b/a RICHMAR & Associates**
**When completed please fax to FNP at 301-961-6460.**
**Questions please call FNP at 301-961-6450.**

| Customer's Contract, P.O. No. or Act No. | Invoice Number | Invoice Date | Invoice Amount | Invoice Appr oved | Invoice Approved with Indicated Discount | Invoice Acknowledged or Received | Invoice Has Been Paid |
|---|---|---|---|---|---|---|---|
| 1000082157 | ED-06-GWU-ISS-DOC-23-S | January 4, 2007 | $ 71,350.80 | | | X | |
| | | | | | | | |
| | | | | | | | |

The undersigned authorized representative of the Customer hereby certifies the status of the above listed invoice(s) submitted by the Supplier.

Comments:


_Christina L Griff_
Signature                              Christina Griffin
                                       Print Name

                                              Jan 4, 2007
Assistant Director Administrative
Applications Project Office            December 18, 2006
Print Title                            Date

(703) 726-1911                         202-994-5250
Telephone Number                       Fax Number



RICHMAR

**INVOICE**

Award Number:
Invoice Number: ED-06-GWU-ISS-DOC-24 - S
Tax ID Number: 54-1827538
CLIN 0001
Purchase Order Number 1000082157

Billing Date:     16-Jan-07
Due Date:         Net 30 days

The George Washington University
ISS - Administrative Applications
44983 Knoll Square Drive, Suite 380
Ashburn, VA 20147

Billing Period:
1/1/07 - 1/15/07

| Labor Categories | | Current Rate | Current Hours | | Current Amount |
|---|---|---|---|---|---|
| Executive Management Consultant | $ | 150.00 | 108.00 | $ | 16,200.00 |
| Senior Engineer | $ | 144.00 | 0.00 | $ | - |
| Senior Management Consultant | $ | 125.00 | 54.00 | $ | 6,750.00 |
| Jr. Project Manager II | $ | 100.00 | 0.00 | $ | - |
| Jr. Project Manager | $ | 75.00 | 0.00 | $ | - |
| Systems Analyst | $ | 98.00 | 8.00 | $ | 784.00 |
| Quality Analyst | $ | 85.05 | 0.00 | $ | - |
| Help Desk Specialist | $ | 45.00 | 0.00 | $ | - |
| Administrative Assistant | $ | 33.67 | 1323.50 | $ | 44,562.25 |
| | | | | | |
| Totals Hours | | | 1493.50 | | |
| Total Direct Labor | | | | $ | 68,296.25 |
| Other Direct Costs - Scanning 17,669 pages at 0.18/page | | | | $ | 3,180.42 |
| Total Costs | | | | $ | 71,476.67 |
| | | | Total Amount Due | $ | 71,476.67 |

This is to certify that the services set forth herein were performed during the period stated, and that incurred
costs billed were actually expended.

Richard Gordon, Jr.,
President

Remit Payment to:

Federal National Commercial, Inc.
Fao: CUS4/Richmar Associates
P.O. Box 403826
Atlanta GA 30384-3826

# Richmar & Associates

## Time Accounting Sheet

Employee/Contractor Name:

Period: January 1 - 15, 2007

*Your Name Here* (signature)

| | Value |
|---|---|
| Work days in period | 8 |
| Holidays in period | 3 |
| Hours in period | 88 |
| Hours unaccounted for | 0 |

| | Value |
|---|---|
| Reg Hrs | 66. |
| Pers Time Off | 24. |
| Holiday | |
| Total Hours | 90. |

| Charge To: | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FAA - GETS - Meetings | | | | | | | | | | | | | | | | |
| FAA - GETS - Changes Batch 1 | | | | | | | | | | | | | | | | |
| FAA - GETS - Changes Batch 2 | | | | | | | | | | | | | | | | |
| FAA - GETS - Arbitrations | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| GWU - Docu - Meetings | | | | | | | | | | | | | | | | |
| GWU - Docu - Reqs/Design | | | | | | | | | | | | | | | | |
| GWU - Docu - Upgrade to 5.3 | | | | | | | | | | | | | | | | |
| GWU - Docu - Architecture Framework | | | | | | | | | | | | | | | | |
| GWU - Docu - HR Module | | | | | | | | | | | | | | | | |
| GWU - Docu - Back Scan Requirements | | 7. | 8. | 9. | 6. | | | 7. | 7. | 7. | 8. | 7. | | | | 66. |
| GWU - Docu - Back Scan Design/Prog. | | | | | | | | | | | | | | | | |
| GWU - Docu - Backscan, Index, Load | | | | | | | | | | | | | | | | |
| GWU - Docu - Training | | | | | | | | | | | | | | | | |
| GWU - Docu - Phase 2 | | | | | | | | | | | | | | | | |
| tbd | | | | | | | | | | | | | | | | |
| tbd | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |

| Non-Billable | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Overhead | | | | | | | | | | | | | | | | |
| Personal Time Off | 8. | 8. | | | | | | | | | | | | | | 24. |
| Holiday | | | | | | | | | | | | | | | 8. | 8. |

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL Billable | 8. | 7. | 8. | 9. | 6. | | | 7. | 7. | 7. | 8. | 7. | | | | 66. |
| TOTAL | 8. | 15. | 8. | 9. | 6. | | | 7. | 7. | 7. | 8. | 7. | | | 8. | 90. |

Employee/Contractor Signature: *(signature)*    Date: 1/16/07

Supervisor Signature: *(signature)*    Date: 1/19/07

# Richmar & Associates

## Time Accounting Sheet

Employee/Contractor Name: **Alex Bakht**

Period: **January 1 - 15, 2007**

| | |
|---|---|
| Work days in period | 8 |
| Holidays in period | 3 |
| Hours in period | 88 |
| Hours unaccounted for | 0 |

| | |
|---|---|
| Reg Hrs | 56. |
| Pers Time Off | 8. |
| Holiday | 24. |
| Total Hours | 88. |

| Charge To: | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FAA - GETS - Meetings | | | | | | | | | | | | | | | | |
| FAA - GETS - Changes Batch 1 | | | | | | | | | | | | | | | | |
| FAA - GETS - Changes Batch 2 | | | | | | | | | | | | | | | | |
| FAA - GETS - Arbitrations | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | |
| GWU - Docu - Meetings | | | | | | | | | | | | | | | | |
| GWU - Docu - Reqs/Design | | | | | | | | | | | | | | | | |
| GWU - Docu - Upgrade to 5.3 | | | | | | | | | | | | | | | | |
| GWU - Docu - Architecture Framework | | | | 5. | | | | 3. | | | | | | | | |
| GWU - Docu - HR Module | | | | | | | | | | | | | | | | |
| GWU - Docu - Back Scan Requirements | | | | | | | | | | | | | | | | |
| GWU - Docu - Back Scan Design/Prog. | | | | | | | | | | | | | | | | 8. |
| GWU - Docu - Backscan, Index, Load | | | | | | | | | | | | | | | | |
| GWU - Docu - Training | | | | | | | | | | | | | | | | |
| GWU - Docu - Phase 2 | | | | | | | | | | | | | | | | |
| tbd | | | | | | | | | | | | | | | | |
| tbd | | | | | | | | | | | | | | | | |

**Non-Billable**

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Overhead | | | 8. | 3. | 8. | | | 5. | 8. | 8. | 8. | | | | | 48. |
| Personal Time Off | | 8. | | | | | | | | | | | | | | 8. |
| Holiday | 8. | | | | | | | | | | | 8. | | | 8. | 24. |
| TOTAL Billable | | | | 5. | | | | 3. | | | | | | | | 8. |
| TOTAL | 8. | 8. | 8. | 8. | 8. | | | 8. | 8. | 8. | 8. | 8. | | | 8. | 88. |

Employee/Contractor Signature: _____   Date: 1/16/07

Supervisor Signature: _____   Date: _____

# Richmar & Associates
## Time Accounting Sheet

Employee/Contractor Name: 
Period: Worldwide Digital / January 1 - 15, 2007

| | |
|---|---|
| Work days in period | 9 |
| Holidays in period | 1 |
| Hours in period | 80 |
| Hours unaccounted for | 0 |

| | |
|---|---|
| Reg Hrs | 81. |
| Pers Time Off | |
| Holiday | |
| Total Hours | 81. |

| Charge To: | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| GW Scan - Nicholas Mann | | 2. | 6. | 8. | 8. | | | 4. | 8. | 8. | 8. | 6. | | | | 58. |
| GW Scan - Bernadette Dixon | | | | | | | | | | | | | | | | |
| GW Scan - Dione Hamer | | | | | | | | | | | | | | | | |
| GW Scan - Dominique Roberts | | | | | | | | | | 8. | 7. | 8. | | | | 23. |
| GW Scan - Evelyn Wheeler | | | | | | | | | | | | | | | | |
| GW Scan - Laquinda Selby | | | | | | | | | | | | | | | | |
| GW Scan - Michelle Barnes | | | | | | | | | | | | | | | | |
| GW Scan - Subramanian Muthukaruppan | | | | | | | | | | | | | | | | |
| GW Scan - Unique Quarles | | | | | | | | | | | | | | | | |
| GW Scan - Xuan-Huong Nguyen | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | |

Non-Billable

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Overhead | | | | | | | | | | | | | | | | |
| Personal Time Off | | | | | | | | | | | | | | | | |
| Holiday | | | | | | | | | | | | | | | | |

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL Billable | | 2. | 6. | 8. | 8. | | | 4. | 8. | 16. | 15. | 14. | | | | 81. |
| TOTAL | | 2. | 6. | 8. | 8. | | | 4. | 8. | 16. | 15. | 14. | | | | 81. |

Employee/Contractor Signature:  Date: 4/16/07

Supervisor Signature:  Date:

# Richmar & Associates

## Time Accounting Sheet

Employee/Contractor Name: Central Data Processing
Period: January 1 - 15, 2007

| | |
|---|---|
| Work days in period | 9 |
| Holidays in period | 2 |
| Hours in period | 88 |
| Hours unaccounted for | 0 |

| | |
|---|---|
| Reg Hrs | 1369. |
| Pers Time Off | |
| Holiday | |
| Total Hours | 1369. |

| Charge To: | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| GW Scan Manager - Mike Holt | | 3. | 3. | 3. | 3. | 3. | 3. | 3. | 3. | 3. | 3. | 3. | 3. | 3. | 3. | 42. |
| GW Scan Manager - Dottie Holoubek | | | | | | | | | | | | | | | | |
| GW Scan Manager - Dan Holoubek | 4. | 4. | 4. | 4. | 4. | 3. | 3. | 4. | 4. | 4. | 4. | 4. | 4. | 4. | 4. | 54. |
| | | | | | | | | | | | | | | | | |
| GW Scan - A J Bacchus | | | | | | | | 6. | 8. | | | | | | | 14. |
| GW Scan - Amir Lotfi | | | | | | | | | | | | | | | | |
| GW Scan - Bernesteen Best | 4. | 8.5 | 9.5 | 9. | 8. | 4.5 | | 7.5 | 11.5 | 8. | 9.5 | | | | | 80. |
| GW Scan - Chanteau Benton | | | | | | | | | | | | | | | | |
| GW Scan - Cherie Babb | | | | | | | | | | | | | | | | |
| GW Scan - Davida Potts | | | | | | | | | | | | | | | | |
| GW Scan - Dominique Roberts | | 8.5 | 10. | 8. | 10. | 11. | 8. | 2.5 | 8.5 | 14. | 10. | 5. | 6. | | 8. | 90.5 |
| GW Scan - Ethel Marsteller | | | | | | | | | | | | | | | | |
| GW Scan - Isaac Hughes | | 8. | 13. | 11.5 | 8. | 15. | 8. | 14.5 | 15. | 12. | 12.5 | 13.5 | 12. | 8. | 10. | 161. |
| GW Scan - Jesse Gillespie | | | 3. | 10. | | | | 1. | 5. | 5. | | | | | | 24. |
| GW Scan - Jide Dada | | 10. | 11. | 14. | 14. | 7. | | 14. | 8. | 12.5 | 13.5 | 14. | 8. | | | 118. |
| GW Scan - Leila Aghazadeh | | 8. | 8. | 8. | 8.5 | | | 8. | 8. | | | | | | | 40.5 |
| GW Scan - Lucille Rattliff | | | 7. | 13. | 8.5 | 4. | | 11.5 | 8.5 | 12. | 8. | | | | | 64.5 |
| GW Scan - Megan Bradley | 6. | 6. | 5. | 10. | 6. | | | 5.5 | 8.5 | 5. | 8. | | | | | 54. |
| GW Scan - Micheal Brown | 8.5 | 11. | 8. | 13. | 12.5 | 11. | 8. | 10. | 2.5 | 15. | 10.5 | 13.5 | 13. | | | 136.5 |
| GW Scan - Nancy Goff | | | | | | | | | | | | | | | | |
| GW Scan - Ngoc Dang | | | | | | | | | | | | | | | | |
| GW Scan - Nguyet Dang | | 8. | 8. | 8. | 8. | | | 8.5 | 8. | 8. | 8. | | | | 8. | 64.5 |
| GW Scan - Nikki McKinney | | 7.5 | 8. | 8. | 8. | | | 8.5 | 7. | 8. | 8.5 | | | | | 55. |
| GW Scan - Steve Clark | 9. | 8. | 8. | 5.5 | 4.5 | 6. | | 10. | 8.5 | 10. | 8.5 | | | | | 66. |
| GW Scan - Tiffany Johnson | | 10. | 10. | 10. | 10. | | | 10. | 7. | 10. | 10. | 10. | 9. | | | 86. |
| GW Scan - Vergina Hawkins | | 10. | 10. | 10. | 10. | 8. | | 6. | 13. | 12. | 11. | 10. | 8. | | | 99. |
| GW Scan - Vernette Knight | 10. | 10. | 12. | 11. | 11. | | | 11. | 9. | 12. | 12. | 11. | | | 2. | 89. |
| GW Scan - Yvonne Morrison | | | | | | | | | | | | | | | | |
| GW Scan - Zandra Curran | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | |

|  |  |  |  |  |  |  |  |  | 30.5 |  |  | 1338.5 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |  |  |  | 1369. |

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| GW Scan - | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | |
| Non-Billable | | | | | | | | | | | | | | | | 6. |
| Overhead | | | | | | 6. | 10. | 8.5 | | | | | | | | |
| Personal Time Off | | | | | | | | | | | | | | | | |
| Holiday | | | | | | | | | | | | | | | | |
| TOTAL Billable | 12.5 | 86. | 137. | 156. | 126. | 6. | 61.5 | 22. | 139.5 | 135. | 136.5 | 128.5 | 84. | 64. | 15. | 35. |
| TOTAL | 12.5 | 86. | 137. | 132. | 132. | 8.5 | 71.5 | 30.5 | 139.5 | 135. | 136.5 | 128.5 | 84. | 64. | 15. | 41. |

Employee/Contractor Signature: _____   Date: 1/16/07

Supervisor Signature: _____   Date:

JAN. 17. 2007  3:03PM    BANNER-APPLICATIONS                    NO. 6690    P. 1

## FEDERAL NATIONAL PAYABLES, INC.

## INVOICE VERIFICATION FORM

### This is not a request for payment

**Customer:    George Washington University**

**Contract or Purchase Order No: 1000082157**

**FNP Client/Supplier:      CUS4, Inc. d/b/a RICHMAR & Associates**
**When completed please fax to FNP at 301-961-6460.**
**Questions please call FNP at 301-961-6450.**

| Customer's Contract, P.O. No. or Act No. | Invoice Number | Invoice Date | Invoice Amount | Invoice Approved | Invoice Approved with Indicated Discount | Invoice Acknowledged or Received | Invoice Has Been Paid |
|---|---|---|---|---|---|---|---|
| 1000082157 | ED-06-GWU-ISS-DOC-24-8 | January 16, 2007 | $ 71,576.87 | | | X | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

The undersigned authorized representative of the Customer hereby certifies the status of the above listed invoice(s) submitted by the Supplier.

Comments:


*Christina L Griffin*
Signature

Assistant Director Administrative
Applications Project Office
Print Title

(703) 726-1911
Telephone Number

Christina Griffin
Print Name

January 16, 2007
Date

202-994-5250
Fax Number



RICHMAR

**INVOICE**

Award Number:
Invoice Number: ED-06-GWU-ISS-DOC-25 - S
Tax ID Number: 54-1827538
CLIN 0001
Purchase Order Number 1000082157

Billing Date:       02-Feb-07
Due Date:          Net 30 days

The George Washington University
ISS - Administrative Applications
44983 Knoll Square Drive, Suite 380
Ashburn, VA 20147

Billing Period:
1/16/07 - 1/31/07

| Labor Categories | | Current Rate | Current Hours | | Current Amount |
|---|---|---|---|---|---|
| Executive Management Consultant | $ | 150.00 | 120.00 | $ | 18,000.00 |
| Senior Engineer | $ | 144.00 | 0.00 | $ | - |
| Senior Management Consultant | $ | 125.00 | 60.00 | $ | 7,500.00 |
| Jr. Project Manager II | $ | 100.00 | 0.00 | $ | - |
| Jr. Project Manager | $ | 75.00 | 0.00 | $ | - |
| Systems Analyst | $ | 98.00 | 4.00 | $ | 392.00 |
| Quality Analyst | $ | 85.05 | 0.00 | $ | - |
| Help Desk Specialist | $ | 45.00 | 0.00 | $ | - |
| Administrative Assistant | $ | 33.67 | 1087.50 | $ | 36,616.13 |
| | | | | | |
| Totals Hours | | | 1271.50 | | |
| Total Direct Labor | | | | $ | 62,508.13 |
| Other Direct Costs - Scanning 40,042 pages at 0.18/page | | | | $ | 7,207.56 |
| Total Costs | | | | $ | 69,715.69 |

| Total Amount Due | $ | 69,715.69 |
|---|---|---|

This is to certify that the services set forth herein were performed during the period stated, and that incurred costs billed were actually expended.

Richard Gordon Jr.
President

Remit Payment to:

Federal National Commercial, Inc.
Fao: CUS4/Richmar Associates
P.O. Box 403826
Atlanta GA 30384-3826

# Richmar & Associates

## Time Accounting Sheet

Employee/Contractor Name: Alex Bakht
Period: January 16 - 31, 2006

| | |
|---|---|
| Work days in period | 12 |
| Holidays in period | |
| Hours in period | 96 |
| Hours unaccounted for | 0 |

| | |
|---|---|
| Reg Hrs | 96. |
| Pers Time Off | |
| Holiday | |
| Total Hours | 96. |

| Charge To: | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | 1-15 Total | 16-31 Total | Month Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FAA - GETS - Meetings | | | | | | | | | | | | | | | | | . | . | . |
| FAA - GETS - Changes Batch 1 | | | | | | | | | | | | | | | | | | | |
| FAA - GETS - Changes Batch 2 | | | | | | | | | | | | | | | | | . | . | . |
| FAA - GETS - Arbitrations | | | | | | | | | | 1. | | | | | | | . | 1. | 1. |
| 0 | | | | | | | | | | | | | | | | | | | |
| GWU - Docu - Meetings | | | | | | | | | | | | | | | | | . | . | . |
| GWU - Docu - Reqs/Design | | | | | | | | | | | | | | | | | | | |
| GWU - Docu - Upgrade to 5.3 | | | | | | | | | | | | | | | | | . | . | . |
| GWU - Docu - Architecture Framework | | | | | | | | | | | | | | | | | | | |
| GWU - Docu - HR Module | | | | | | | | | | | | | | | | | | | |
| GWU - Docu - Back Scan Requirements | | | | | | | | 4. | | | | | | | | | | | |
| GWU - Docu - Back Scan Design/Prog. | | | | | | | | | | | | | | | | | 8. | 4. | 12. |
| GWU - Docu - Backscan, Index, Load | | | | | | | | | | | | | | | | | | | |
| GWU - Docu - Training | | | | | | | | | | | | | | | | | . | . | . |
| GWU - Docu - Phase 2 | | | | | | | | | | | | | | | | | | | |
| tbd | | | | | | | | | | | | | | | | | . | . | . |
| tbd | | | | | | | | | | | | | | | | | | | |
| 0 | | | | | | | | | | | | | | | | | | | |

**Non-Billable**

| | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | 1-15 Total | 16-31 Total | Month Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Overhead | 8. | 8. | 8. | 8. | | | 8. | 4. | 8. | 7. | 8. | | 8. | 8. | 8. | 8. | 48. | 91. | 139. |
| Personal Time Off | | | | | | | | | | | | | | | | | 8. | . | 8. |
| Holiday | | | | | | | | | | | | | | | | | 24. | | 24. |

| | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | 1-15 Total | 16-31 Total | Month Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL Billable | | | | | | | | 4. | | 1. | | | | | | | 8. | 5. | 13. |
| TOTAL | 8. | 8. | 8. | 8. | | | 8. | 8. | 8. | 8. | 8. | | 8. | 8. | 8. | 8. | 88. | 96. | 184. |

Employee/Contractor Signature: _[signature]_    Date: 2/2/07

Supervisor Signature: _____    Date: _____

# Richmar & Associates
## Time Accounting Sheet

Employee/Contractor Name: Central Data Processing
Period: January 16 - 31, 2007

| Work days in period | 12 |
|---|---|
| Holidays in period | |
| Hours in period | 96 |
| Hours unaccounted for | 0 |

| Reg Hrs | 1038. |
|---|---|
| Pers Time Off | |
| Holiday | |
| Total Hours | 1038. |

| Charge To: | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | 1-15 Total | 16-31 Total | Month Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| GW Scan Manager - Mike Holt | 2. | 2. | 2. | 2. | 2. | 2. | 2. | 2. | 4. | 2. | 3. | 2. | 2. | 3. | 2. | 2. | 42. | 38. | 78. |
| GW Scan Manager - Dottie Holoubek | | | | | | | | | | | | | | | | | | | |
| GW Scan Manager - Dan Holoubek | 3. | 3. | 3. | 3. | 9. | 4. | 3. | 6. | 3. | 3. | 3. | 4. | 4. | 3. | 3. | 3. | 64. | 60. | 114. |
| 0 | | | | | | | | | | | | | | | | | | | |
| GW Scan - AJ Bacchus | | 7. | | | | | 8.5 | 8. | | | | | | | | | 14. | 39.5 | 53.5 |
| GW Scan - Amir Lotfi | | | 8. | 8. | | | | | | | | | | | | | 80. | | 80. |
| GW Scan - Bernesteen Best | | | | | | | | | | | | | | | | | | | |
| GW Scan - Chanteau Benton | | | | | | | | | | | | | | | | | | | |
| GW Scan - Cherie Babb | | | | | | | | | | | | | | | | | | | |
| GW Scan - Davida Potts | | | | | | | | | | | | | | | | | | | |
| GW Scan - Dominique Roberts | 5.5 | | | | | | | | | | | | | | | | 90.5 | 17.5 | 108. |
| GW Scan - Ethel Marsteller | | | | | | | | | | | | | | | | | | | |
| GW Scan - Isaac Hughes | 12. | 15.5 | 11. | 10.5 | 14. | | 11.5 | 8. | 14. | 12. | 13. | 9. | 9. | 12. | 16.5 | 11.5 | 161. | 179.5 | 340.5 |
| GW Scan - Jesse Gillespie | | 9. | 15. | | | | | | | | | | | | | | 24. | 9. | 33. |
| GW Scan - Jide Dada | 10. | | | 14.5 | 8.5 | | 11. | | 13. | 10. | 15. | | | 15. | 7.5 | 15. | 118. | 143.5 | 261.5 |
| GW Scan - Leila Aghazadeh | 8. | 7. | 8. | 8. | | | 8. | 8. | 5.5 | | | | | | | | 40.5 | 52.5 | 93. |
| GW Scan - Lucille Ratliff | | | | | | | | | 5.5 | | | | | | | | 64.5 | | 64.5 |
| GW Scan - Megan Bradley | | | | | | | | | | | | | | | | | 54. | | 54. |
| GW Scan - Micheal Brown | | | | | | | | | | | | | | | | | | | |
| GW Scan - Nancy Goff | 4. | 15.5 | 1. | 1.5 | 5. | | 9. | 12.5 | 16.5 | 8.5 | 12. | 11.5 | 5. | 10. | 11.5 | 4.5 | 136.5 | 127. | 263.5 |
| GW Scan - Ngoc Dang | | | | | | | | | | | | | | | | | | | |
| GW Scan - Nguyet Dang | | | | | | | | | | | | | | | | | | | |
| GW Scan - Nikki McKinney | 7.5 | 8. | 8. | | | | 9.5 | 8. | 8.5 | 8. | | 7.5 | | 9. | 8. | 9. | 64.5 | 81.5 | 148. |
| GW Scan - Steve Clark | 8. | | | | | | 12.5 | 12.5 | 3. | | | | | | | | 55. | 33. | 88. |
| GW Scan - Tiffany Johnson | | | | | | | | | | | | | | | | | 66. | | 66. |
| GW Scan - Vergina Hawkins | 8. | 9. | 9. | 10. | | | 7. | 9. | 10. | | | | | | | | 86. | 62. | 148. |
| GW Scan - Vernette Knight | 10. | 12. | 11.5 | 11. | 8. | | 9.5 | 11.5 | 10. | | | | | 9. | | | 99. | 83.5 | 182.5 |
| GW Scan - Yvonne Morrison | 10. | | 10.5 | 11. | | | | 9. | 10.5 | 9.5 | | | | 9. | 9. | | 89. | 78.5 | 167.5 |
| GW Scan - Zandra Curran | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |

| | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| **Non-Billable** | | | | | | | | | | | | | | | | | | | |
| Overhead | 5.5 | 17. | 4.5 | 8. | | | | | | | | | | | | | 30.5 | 35. | 65.5 |
| Personal Time Off | | | | | | | | | | | | | | | | | | | |
| Holiday | | | | | | | | | | | | | | | | | | | |
| **TOTAL Billable** | 88. | 88. | 87. | 87.5 | 50.5 | 6. | 79. | 94.5 | 97. | 53. | 46. | 43. | 20. | 61. | 57.5 | 45. | 1338.5 | 1003. | 2341.5 |
| **TOTAL** | 93.5 | 105. | 91.5 | 95.5 | 50.5 | 6. | 79. | 94.5 | 97. | 53. | 46. | 43. | 20. | 61. | 57.5 | 45. | 1369. | 1038. | 2407. |

Employee/Contractor Signature: _____   Date: 2/2/07

Supervisor Signature: _____   Date: _____

# Richmar & Associates

## Time Accounting Sheet

Employee/Contractor Name:

Period: Worldwide Digital — January 16 - 31, 2007

| | |
|---|---|
| Work days in period | 12 |
| Holidays in period | |
| Hours in period | 96 |
| Hours unaccounted for | 0 |

| | |
|---|---|
| Reg Hrs | 180.5 |
| Pers Time Off | |
| Holiday | |
| Total Hours | 180.5 |

| Charge To: | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | 1 - 15 Total | 16-31 Total | Month Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| GW Scan - Nicholas Mann | 6. | 8. | 8. | 8. | | | 7. | 8. | 8. | 6. | 8. | | | 8. | 8. | 2. | 58. | 85. | 143. |
| GW Scan - Bernadette Dixon | | | | | | | | | | | | | | | | | | | |
| GW Scan - Dione Harner | | | | | | | | | | | | | | | | | | | |
| GW Scan - Dominique Roberts | | | | | | | | | | | | | | | | | | | |
| GW Scan - Evelyn Wheeler | 8. | 7.5 | 8. | 8. | | | 8. | 8. | 8. | 8. | 8. | | | 8. | 8. | 8. | 23. | 95.5 | 118.5 |
| GW Scan - Laquinda Selby | | | | | | | | | | | | | | | | | | | |
| GW Scan - Michelle Barnes | | | | | | | | | | | | | | | | | | | |
| GW Scan - Subramanian Muthukaruppan | | | | | | | | | | | | | | | | | | | |
| GW Scan - Unique Quarles | | | | | | | | | | | | | | | | | | | |
| GW Scan - Xuan-Huong Nguyen | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | | | | |
| Non-Billable | | | | | | | | | | | | | | | | | | | |
| Overhead | | | | | | | | | | | | | | | | | | | |
| Personal Time Off | | | | | | | | | | | | | | | | | | | |
| Holiday | | | | | | | | | | | | | | | | | | | |
| TOTAL Billable | 14. | 15.5 | 16. | 16. | | | 15. | 16. | 16. | 14. | 16. | | | 16. | 16. | 10. | 81. | 180.5 | 261.5 |
| TOTAL | 14. | 15.5 | 16. | 16. | | | 15. | 16. | 16. | 14. | 16. | | | 16. | 16. | 10. | 81. | 180.5 | 261.5 |

Employee/Contractor Signature: _____  Date: 2/2/07

Supervisor Signature: _____  Date:

# Richmar & Associates

## Time Accounting Sheet

Employee/Contractor Name: Jim Gearing
Period: January 16 - 31, 2006

| | |
|---|---|
| Work days in period | 12 |
| Holidays in period | |
| Hours in period | 96 |
| Hours unaccounted for | 4 |

| | |
|---|---|
| Reg Hrs | 84. |
| Pers Time Off | 8. |
| Holiday | |
| Total Hours | 92 |

| Charge To: | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | 1-15 Total | 16-31 Total | Month Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FAA - GETS - Meetings | | | | | | | | | | | | | | | | | 1. | | 1. |
| FAA - GETS - Changes Batch 1 | | | | | | | | | | | | | | | | | | | |
| FAA - GETS - Changes Batch 2 | | | | | | | | | | | | | | | | | | | |
| FAA - GETS - Arbitrations | | | | | | | | | | | | | | | | | | | |
| 0 | | | | | | | | | | | | | | | | | | | |
| GWU - Docu - Meetings | | | | | | | | | | | | | | | | | | | |
| GWU - Docu - Reqs/Design | | | | | | | | | | | | | | | | | | | |
| GWU - Docu - Upgrade to 5.3 | | | | | | | | | | | | | | | | | | | |
| GWU - Docu - Architecture Framework | | | | | | | | | | | | | | | | | | | |
| GWU - Docu - HR Module | | | | | | | | | | | | | | | | | | | |
| GWU - Docu - Back Scan Requirements | | | | | | | | | | | | | | | | | | | |
| GWU - Docu - Back Scan Design/Prog. | | | | | | | | | | | | | | | | | 66. | | 66. |
| GWU - Docu - Backdscan, Index, Load | 8. | 7. | 8. | 6. | | 8. | 8. | 7. | 8. | 8. | 8. | | | 8. | 7. | 9. | | 84. | 84. |
| GWU - Docu - Training | | | | | | | | | | | | | | | | | | | |
| GWU - Docu - Phase 2 | | | | | | | | | | | | | | | | | | | |
| tbd | | | | | | | | | | | | | | | | | | | |
| tbd | | | | | | | | | | | | | | | | | | | |
| 0 | | | | | | | | | | | | | | | | | | | |

| Non-Billable | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | 1-15 Total | 16-31 Total | Month Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Overhead | | | | | | | | | | | | | | | | | | | |
| Personal Time Off | | | | | | | | | | | 8. | | | | | | 24. | 8. | 24. |
| Holiday | | | | | | | | | | | | | | | | | | | |

| | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | 1-15 Total | 16-31 Total | Month Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL Billable | 8. | 7. | 8. | 6. | | 8. | 8. | 7. | 8. | 8. | 8. | | | 8. | 7. | 9. | 67. | 84. | 151. |
| TOTAL | 8. | 7. | 8. | 6. | | 8. | 8. | 7. | 8. | 8. | 8. | | | 8. | 7. | 9. | 91. | 92. | 183. |

Employee/Contractor Signature: *(signed)*    Date: 2/1/07

Supervisor Signature: *(signed)*    Date: 2/2/07

## Nsona Whiteman

| | |
|---|---|
| **From:** | Richard Gordon, Jr. [richard@cus4.com] |
| **Sent:** | Friday, February 02, 2007 8:57 AM |
| **To:** | 'Christina L. Griffin' |
| **Cc:** | 'Nsona Whiteman' |
| **Subject:** | Invoice Verification Form |
| **Importance:** | High |
| **Sensitivity:** | Confidential |
| **Attachments:** | Invoice acceptancefnp 3-02 - number 25 - S.doc; ED-06-GWU-ISS-SOC-25 - S.pdf |

Hello Christina

Attached is invoice 25-S along with the Invoice Verification Form.

Will you sign the Invoice Verification Form and fax to Nsona at the fax number on the form by 9:30 a.m.?  There is no need for a cover sheet.

Thanks for your assistance
Best regards

Richard Gordon, Jr.
President/CEO
RICHMAR & Associates
220 F Street NE
Washington, DC 20002
Office (202) 544-2015
Fax    (202) 544-2016
Cell   (202) 669-6122

This communication contains information from RICHMAR & Associates that may be confidential. Except for personal use by the intended recipient, or as expressly authorized by the sender, any person who receives this information is prohibited from disclosing, copying, distributing, and/or using it. If you have received this communication in error, please immediately delete it and all copies, and promptly notify the sender. Nothing in this communication is intended to operate as an electronic signature under applicable law.

## FEDERAL NATIONAL PAYABLES, INC.

### INVOICE VERIFICATION FORM

This is <u>not</u> a request for payment

<u>Customer:</u>    George Washington University

<u>Contract or Purchase Order No:</u> 1000082157

<u>FNP Client/Supplier:</u>    CUS4, Inc. d/b/a RICHMAR & Associates

When completed please fax to FNP at 301-961-6460.
Questions please call FNP at 301-961-6450.

| Customer's Contract, P.O. No. or Acct No. | Invoice Number | Invoice Date | Invoice Amount | Invoice Approved | Invoice Approved with Indicated Discount | Invoice Acknowledged or Received | Invoice Has Been Paid |
|---|---|---|---|---|---|---|---|
| 1000082157 | BD-06-GWU-ISS-DOC-25-S | February 2, 2007 | $ 60,718.60 | | | X | |
| | | | | | | | |
| | | | | | | | |

The undersigned authorized representative of the Customer hereby certifies the status of the above listed invoice(s) submitted by the Supplier.

Comments:


_Christina Griff_
Signature

Assistant Director Administrative
Applications Project Office
Print Title

(703) 726-1911
Telephone Number

Christina Griffin
Print Name

February 2, 2007
Date

202-994-5250
Fax Number



**·INVOICE**

Award Number:
Invoice Number: ED-06-GWU-ISS-DOC-26 - 8
Tax ID Number: 54-1627538
CLIN 0001
Purchase Order Number 1000082157

The George Washington University
ISS - Administrative Applications
44983 Knoll Square Drive, Suite 380
Ashburn, VA 20147

Billing Date:    21-Feb-07
Due Date:    Net 30 days

Billing Period:
· 2/1/07 - 2/15/07

| Labor Categories | | Current Rate | Current Hours | | Current Amount |
|---|---|---|---|---|---|
| Executive Management Consultant | $ | 150.00 | 60.00 | $ | 9,000.00 |
| Senior Engineer | $ | 144.00 | 0.00 | $ | - |
| Senior Management Consultant | $ | 125.00 | 35.50 | $ | 4,437.50 |
| Jr. Project Manager II | $ | 100.00 | 0.00 | $ | - |
| Jr. Project Manager | $ | 75.00 | 0.00 | $ | - |
| Systems Analyst | $ | 98.00 | 0.00 | $ | - |
| Quality Analyst | $ | 85.05 | 0.00 | $ | - |
| Help Desk Specialist | $ | 45.00 | 0.00 | $ | - |
| Administrative Assistant | $ | 33.67 | 205.00 | $ | 6,902.35 |
| | | | | | |
| Totals Hours | | | 300.50 | | |
| Total Direct Labor | | | | $ | 20,339.85 |
| Other Direct Costs - Scanning 3007pages at 0.18/page | | | | $ | 541.16 |
| Total Costs | | | | $ | 20,881.01 |

| | Total Amount Due | | | $ | 20,881.01 |
|---|---|---|---|---|---|

This is to certify that the services set forth herein were performed during the period stated, and that incurred costs billed were actually expended.

Richard Gordon, Jr.,
President

Remit Payment to:

Federal National Commercial, Inc.
Fao: CUS4/Richmar Associates
P.O. Box 403826
Atlanta GA 30384-3826

# Richmar & Associates

## Time Accounting Sheet

Employee/Contractor Name:

Period: Jim Gearing   Feb 1 - 15, 2007

| | | |
|---|---|---|
| Work days in period | 11 |
| Holidays in period | |
| Hours in period | 88 |
| Hours unaccounted for | 38 |

| | | |
|---|---|---|
| Reg Hrs | |
| Pers Time Off | |
| Holiday | |
| Total Hours | 50. |

| Charge To: | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FAA - GETS - Meetings | | | | | | | | | | | | | | | | | |
| FAA - GETS - Changes Batch 1 | | | | | | | | | | | | | | | | | |
| FAA - GETS - Changes Batch 2 | | | | | | | | | | | | | | | | | |
| FAA - GETS - Arbitrations | | | | | | | | | | | | | | | | | |
| GWU - Docu - Back Scan Design/Prog. | | | | | | | | | | | | | | | | | |
| GWU - Docu - Backscan, Index, Load | 10. | 6. | | | 8. | 8. | 2. | 3. | 3. | | | 2. | 4. | 1. | 3. | | 50. |
| tbd | | | | | | | | | | | | | | | | | |
| tbd | | | | | | | | | | | | | | | | | |
| tbd | | | | | | | | | | | | | | | | | |
| tbd | | | | | | | | | | | | | | | | | |
| tbd | | | | | | | | | | | | | | | | | |
| tbd | | | | | | | | | | | | | | | | | |
| tbd | | | | | | | | | | | | | | | | | |
| tbd | | | | | | | | | | | | | | | | | |
| tbd | | | | | | | | | | | | | | | | | |

| Non-Billable | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Overhead | | | | | | | | | | | | | | | | | |
| Personal Time Off | | | | | | | | | | | | | | | | | |
| Holiday | | | | | | | | | | | | | | | | | |

| | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL Billable | 10. | 6. | | | 8. | 8. | 2. | 3. | 3. | | | 2. | 4. | 1. | 3. | | 50. |
| TOTAL | 10. | 6. | | | 8. | 8. | 2. | 3. | 3. | | | 2. | 4. | 1. | 3. | | 50. |

Employee/Contractor Signature:   Date:

Supervisor Signature:   Date: 2/2/07

# Richmar & Associates

## Time Accounting Sheet

Employee/Contractor Name:
Period: Central Data Processing
February 1 - 15, 2007

| | |
|---|---|
| Work days in period | 9 |
| Holidays in period | 2 |
| Hours in period | 88 |
| Hours unaccounted for | 0 |

| | |
|---|---|
| Reg Hrs | 250.5 |
| Pers Time Off | |
| Holiday | |
| Total Hours | 250.5 |

| Charge To: | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| GW Scan Manager - Mike Holt | | 2. | 2. | 2. | 2. | | | | | | | | | | | 10. |
| GW Scan Manager - Dottie Holoubek | | | | | | | | | | | | | | | | |
| GW Scan Manager - Dan Holoubek | 7. | 7. | 7.5 | 7. | 7. | | | | | | | | | | | 35.5 |
| GW Scan - A J Becchus | | | | | | | | | | | | | | | | |
| GW Scan - Amir Lotfi | | | | | | | | | | | | | | | | |
| GW Scan - Barnesteen Best | | | | | | | | | | | | | | | | |
| GW Scan - Chanteau Benton | | | | | | | | | | | | | | | | |
| GW Scan - Cheric Babb | | | | | | | | | | | | | | | | |
| GW Scan - Davida Potts | | | | | | | | | | | | | | | | |
| GW Scan - Dominique Roberts | | | | | | | | | | | | | | | | |
| GW Scan - Ethel Marsteller | | | | | | | | | | | | | | | | |
| GW Scan - Isaac Hughes | | 14.5 | 10. | | | | | | | | | | | | | 32. |
| GW Scan - Jesse Gillespie | | | | | | | | | | | | | | | | |
| GW Scan - Jide Dada | | 11. | 9.5 | | | | | | | | | | | | | 29. |
| GW Scan - Leila Aghazadeh | | | | | | | | | | | | | | | | |
| GW Scan - Lucille Ratliff | | | | | | | | | | | | | | | | |
| GW Scan - Megan Bradley | | | | | | | | | | | | | | | | |
| GW Scan - Micheal Brown | | | | | | | | | | | | | | | | |
| GW Scan - Nancy Goff | 13.5 | 13.5 | 11.5 | 2.5 | 12.5 | | | | | | | | | | | 52 |
| GW Scan - Ngoc Dang | | | | | | | | | | | | | | | | |
| GW Scan - Nguyet Dang | | | | | | | | | | | | | | | | |
| GW Scan - Nikki McKinney | | | 7.5 | | 8. | | | | | | | | | | | 15.5 |
| GW Scan - Steve Clark | | 7. | 7.5 | 8. | 8. | | | 8.5 | 7. | 8. | 8. | | | | | 55. |
| GW Scan - Tiffany Johnson | | | | | | | | | | | | | | | | |
| GW Scan - Vergina Hawkins | | | | | | | | | | | | | | | | |
| GW Scan - Vernette Knight | | | | | | | | | | | | | | | | |
| GW Scan - Yvonne Morrison | | | | | 8. | | | | | | | | | | | 21.5 |
| GW Scan - Zandra Curran | | | | | | | | | | | | | | | | |
| GW Scan - | | | | | | | | | | | | | | | | |



| | | | | | | | | | | | 250.5 |
| | | | | | | | | | | | 250.5 |

| | GW Scan - | | | | | | | | | | |
| | GW Scan - | | | | | | | | | | |
| | GW Scan - | | | | | | | | | | |
| | GW Scan - | | | | | | | | | | |
| | GW Scan - | | | | | | | | | | |
| | GW Scan - | | | | | | | | | | |
| | GW Scan - | | | | | | | | | | |
| | GW Scan - | | | | | | | | | | |
| | GW Scan - | | | | | | | | | | |

| Non-Billable | | | | | | | | | | |
| Overhead | | | | | | | | | | |
| Personal Time Off | | | | | | | | | | |
| Holiday | | | | | | | | | | |

| TOTAL Billable | 48. | 55.5 | 19.5 | 38.5 | | 8.5 | 7. | 8. | |
| TOTAL | 48. | 55.5 | 19.5 | 38.5 | | 8.5 | 7. | 8. | |

Employee/Contractor Signature:                    Date:

Supervisor Signature:                              Date: 2/21/07

FEB. 23. 2007  3:47PM    BANNER-APPLICATIONS                NO. 6740   P. 1

## FEDERAL NATIONAL PAYABLES, INC.

### INVOICE VERIFICATION FORM

This is <u>not</u> a request for payment

<u>**Customer:**    George Washington University</u>

<u>**Contract or Purchase Order No: 1000082157**</u>

<u>**FNP Client/Supplier:**       CUS4, Inc. d/b/a RICHMAR & Associates</u>
**When completed please fax to FNP at 301-961-6460.**
**Questions please call FNP at 301-961-6450.**

| Customer's Contract, P.O. No. or Acct No. | Invoice Number | Invoice Date | Invoice Amount | Invoice Approved | Invoice Approved with Indicated Discount | Invoice Acknowledged or Received | Invoice Has Been Paid |
|---|---|---|---|---|---|---|---|
| 1000082157 | HD-06-GWU-ISS-DOC-26-S | February 21, 2007 | $ 20,551.01 | | | X | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

The undersigned authorized representative of the Customer hereby certifies the status of the above listed invoice(s) submitted by the Supplier.

Comments:

_Christina Griffin_____
Signature

_Christina Griffin_____
Print Name

Assistant Director Administrative
Applications Project Office____
Print Title

_February 21, 2007_____
Date

_(703) 726-1911_____
Telephone Number

_202-994-5250_____
Fax Number

## Nsona Whiteman

| | |
|---|---|
| **From:** | Richard Gordon, Jr. [richard@cus4.com] |
| **Sent:** | Wednesday, February 21, 2007 12:53 PM |
| **To:** | 'Christina L. Griffin' |
| **Cc:** | 'Nsona Whiteman' |
| **Subject:** | Invoice 26-S |
| **Importance:** | High |
| **Sensitivity:** | Confidential |

**Attachments:** ED-06-GWU-ISS-SOC-26 - S.pdf; Invoice acceptancefnp 3-02 - number 26 - S.doc

Hello Christina

Attached is Invoice 26-S, our final invoice on this project. It has been a pleasure working with you and the GW team and we wish you the greatest success with DCMS. We are confident that the system design and its scalability will benefit GW for years to come.

Please sign and fax the Invoice Verification Form to the number on the front of the form 301-961-6460.

Thanks for all of your help.
Best regards

Richard Gordon, Jr.
President/CEO
RICHMAR & Associates
220 F Street NE
Washington, DC 20002
Office (202) 544-2015
Fax    (202) 544-2016
Cell   (202) 669-6122

This communication contains information from RICHMAR & Associates that may be confidential. Except for personal use by the intended recipient, or as expressly authorized by the sender, any person who receives this information is prohibited from disclosing, copying, distributing, and/or using it. If you have received this communication in error, please immediately delete it and all copies, and promptly notify the sender. Nothing in this communication is intended to operate as an electronic signature under applicable law.

JS-44
(Rev.1/05 DC)

| **I (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|

CUS4, Inc. d/b/a RICHMAR & ASSOCATES   *1100/*

George Washington University

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ DC
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ DC
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Geoffrey P. Gitner
Watergate, Twelfth Floor
600 New Hampshire Ave., NW
Washington, DC  20037   202-772-5926

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-00841
Assigned To : Robertson, James
Assign. Date : 5/7/2007
Description: TRO/PI

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**   ⑦

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ◉ 1 | ◉ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

◉ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☒ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

①

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

17 U.S.C.A. Section 101 et.seq. - Copyright Infringement, Breach of Contract, Fraud

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  **DEMAND $** [_____]  Check YES only if demanded in complaint  **JURY DEMAND:** YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE  5/7/07   SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.     CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.     RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

