IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA
CIVIL DIVISION

CUS4, INC. D/B/A
RICHMAR & ASSOCIATES et al.


        Plaintiff,

    v.                                              Case No. _____

GEORGE WASHINGTON UNIVERSITY,

        Defendant


### PLAINTIFF'S MOTION FOR EMERGENCY STATUS CONFERENCE AND EXPEDITED DISCOVERY PRIOR TO SCHEDULING CONFERENCE

Pursuant to Federal Rule of Civil Procedure 26(d) and (f) and LCvR 26.2(a), plaintiff, CUS 4, Inc. d/b/a Richmar & Associates, Inc., hereby moves for expedited discovery and an opportunity for an emergency status conference in the above-captioned action. In its complaint, plaintiff seeks to enjoin and restrain certain copyright infringement violations arising out of a computer software program designed and developed by the plaintiff and sold to the defendant.

Because defendant has conducted its infringement in virtual secrecy plaintiff has been unable to obtain direct evidence to file a complete application for preliminary injunction at this time. As a result plaintiff hereby moves for an emergency status conference to at the Court's earliest opportunity to establish expedited discovery and a briefing schedule for plaintiff's anticipated preliminary injunction motion.

Specifically, plaintiff requests that:

1.   The Court set an emergency status conference be held at the Court's earliest
     opportunity;

2.   The Court order the defendant respond to the written discovery attached to
     plaintiff's memorandum in support of their motion for expedited discovery within
     ten days or at such other time as the Court deems reasonable.

3.   The Court order that the plaintiff be permitted to conduct up to four depositions
     prior to the preliminary injunction hearing provided that the depositions occur
     five (3) days prior to a date scheduled for a preliminary injunction hearing.

4.   The Court establish a date for a preliminary injunction within thirty (20) days or
     such other date as the Court deems reasonable.

DATED: May 7, 2007                    Respectfully submitted,

                                      Geoffrey P. Gitner (DC Bar No. 176479)
                                      Law Offices of Geoffrey P. Gitner
                                      Watergate, Twelfth Floor
                                      600 New Hampshire Ave., N.W.
                                      Washington, D.C. 20037
                                      Ph: (202) 772-5926
                                      Fax: (202) 772-5858

                                      Counsel to Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA
CIVIL DIVISION

**CUS4, INC. D/B/A**
**RICHMAR & ASSOCIATES et al.**

**Plaintiff,**

v.

**GEORGE WASHINGTON UNIVERSITY,**

**Defendant**

Case No. _____

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR EMERGENCY STATUS
CONFERENCE AND EXPEDITED DISCOVERY PRIOR TO
SCHEDULING CONFERENCE

## I.    Introduction

Plaintiff has filed a motion for a temporary restraining order and preliminary injunction.

Through its motion for expedited discovery, the plaintiff seeks limited discovery, focused solely

on the copyright infringement count of its six count complaint. Plaintiff specifically requests no

more than four depositions prior to a preliminary injunction hearing, answers within ten days to a

set of 13 interrogatories (attached hereto as Ex. A); and a responses to fourteen requests for

documents (attached hereto as Ex. B), which request copies of the current DCMS code used by

GW and documents related to the alleged infringement.

As the plaintiff has received only indirect, hearsay, information regarding the defendant's

infringement of plaintiff's DCMS copyright and as the infringement has been conducted in

secrecy by the defendant, plaintiff's expedited discovery is necessary to supplement its motion

for a preliminary injunction and to be able to present direct evidence at a preliminary injunction hearing.

## II.    Argument

### A.    Standard

Fed.R.Civ.P. 26(d) and LCvR 26.2 (a) provide that no discovery shall occur before the provisions of Rule 26(f) (counsel discovery conference and Rule 16 conference) unless ordered by the Court. Many of the cases addressing expedited discovery have held that expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings. *See generally* 6 *Moore's Federal Practice* ¶ 26.121 (Matthew Bender 3 ed.) (*"Moore's"), citing Pod-Ners, LLC v. Northern Feed & Bean*, 204 F.R.D. 675, 676 (D.Colo. 2002) (infringement action); *Semitool, Inc. v. Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (infringement action).

Although there is no specific Federal Rule standard for determining the appropriateness of expedited discovery, case law provides two recognized approaches---the *Notaro* standard and the "good cause" standard or "reasonableness test." *See generally Disability Rights Council of Greater Washington v. Washington Metropolitan Area Transit Authority*, 234 F.R.D. 4, 6 (D.D.C. 2006) (Faciola, Mag. J.), *comparing Notaro v. Kock*, 95 F.R.D. 403 (S.D.N.Y.) *with In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142, 143 (D.C.D.C. 2005) (Leon, J). As held by Magistrate Judge Faciola in *Disability Rights Council*, the *Notaro* standard (employing a test comparable to that for issuance of an injunction) has been almost universally rejected in favor of the "reasonableness" standard "were the expedited discovery is related to a motion for a preliminary injunction." *Id.* (citing cases).

2

The reasonableness standard, according to *Moore's*, is a more "liberal" test. *Moores, supra.* ¶ 26.121. It requires the court to decide the motion based on the reasonableness of the request in light of all the surrounding circumstances. Among the factors considered by the court in *Fannie Mae* were:

    (1)    whether a preliminary motion is pending;

    (2)    the breadth of the discovery requests;

    (3)    the purpose for requesting expedited discovery;

    (4)    the burden on the defendant to comply with the requests; and

    (5)    how far in advance of the typical discovery process the request was made.

*In re Fannie Mae, supra* 227 F.R.D at 143.

Here, the plaintiff has filed a motion for a preliminary injunction, recognized as the most effective relief for copyright infringement regarding computer software. Indeed, the recognition of the short-lived nature of software requires expeditious injunctive relief. In particular in this case, plaintiff has alleged that the defendant has granted access to the DCMS computer code to one of the plaintiff's competitors. This action requires prompt action to prevent further loss of the ability of the plaintiff to effectively market its software to other universities and colleges.

The breadth of plaintiff's requested expedited discovery is extremely limited and focused to its infringement claims. Though plaintiff's complaint raises contractual and tort causes of action for money owed under the DCMS contract and for other damages, the expedited discovery sought is limited to the issue of whether GW has altered plaintiff's code and given access to the code to unauthorized persons or entities.

3

Plaintiff has requested four depositions. These are limited to the persons in charge of the installation and implementation of the DCMS, maintenance of the code and persons who plaintiff believes have altered the code or instructed that the code be altered.

Plaintiff's document request and interrogatories are likewise specifically focused on showing that GW has infringed on the code and that their reasons for infringing were not un-intentional or innocent, but that GW knowingly infringed on the code rather than obtain a license from Richmar or otherwise contract with Richmar to create a derivative program.

Plaintiff's purpose in seeking the discovery is to present proof at a preliminary injunction hearing. Direct, non-hearsay evidence, of the infringement is only in the possession of GW and cannot be otherwise obtained by Richmar.

The burden on GW will be minimal. All of the deponents are based at GW's headquarters. All have been involved with the DCMS project. None will be required to be away from their employment responsibilities for more than a day. Likewise, the written discovery is limited, requests information limited to the last several months at most and can be easily responded as they do not request extensive searching of records or extensive interviews with numerous employees.

As to the fifth factor, GW will also benefit from expedited discovery and an expedited determination of infringement in a preliminary injunction hearing. Here, a preliminary injunction process will likely resolve the issue of infringement more quickly and less expensively than a more extensive and protracted process of litigation under the general provisions of Rule 26(d).

4

DATED: May 7, 2007                    Respectfully submitted,

Geoffrey P. Gitner (DC Bar No. 176479)
Law Offices of Geoffrey P. Gitner
Watergate, Twelfth Floor
600 New Hampshire Ave., N.W.
Washington, D.C. 20037
Ph: (202) 772-5926
Fax: (202) 772-5858

Counsel to Plaintiff

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

**CUS4, INC. D/B/A
RICHMAR & ASSOCIATES et al.**

**Plaintiff,**

**v.**

Case No. _____

**GEORGE WASHINGTON UNIVERSITY,**

**Defendant**

**PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO THE DEFENDANT**

Pursuant to Fed. R. Civ. P. 33 and applicable local rules, plaintiff Richmar

requests the defendant, George Washington University answer under oath each of the

following interrogatories on or before thirty (30) day after receipt of service, or such

shorter period as may be agreed by council or ordered by the Court.

Certain capitalized terms used in the Specific Requests herein have been defined,

and instructions for responding have been provided, in the sections entitled "Definitions"

and "Instructions."

**INSTRUCTIONS**

1.    If the answer to any part of an Interrogatory is not presently known or

available, furnish all information currently known or available.

2.    To the extent that an interrogatory calls for information broken don in more detail than is available, respond to such Interrogatory by providing all information responsive thereto, in whatever detail is available. A negative response to an interrogatory will be understood to be a representation that you have no responsive information in any lesser detail.

3.    If any information called for by any Interrogatory is withheld because you claim that such information is privileged, a written list is to be furnished identifying each such documents for which the privilege is claimed together wit the following information: (a) the date of the document: (b) the name(s) of its author(s) or preparer(s) and an identification by employment and title of each such Person; (c) the name of each Person who was sent t or furnished the document, together with an identification of such Person; (d) a brief description of the document; (e) a statement of the basis for the claim of privilege; and (f) the paragraphs of this request to which the document relates. In the case of privileged documents relating to meetings or to other conversations, all participants in the meeting or conversation are to be identified.

4.    If you object to fully identifying a document or oral communication because of a privilege, you must nevertheless provide the following information pursuant to Fed.R.Civ.P 26(b)(5), unless divulging the information would disclose the privileged information: (1) the nature of the privilege claimed (including work product); (2) if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked; (3) the date of the document or oral communication; (4) if a document: its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the document

2

for a subpoena *duces tecum* or a document request, including where appropriate the author, the addressee; (5) if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and (6) the general subject matter of the document or oral communication.

5.    As used herein, the singular shall include the plural and the plural shall include the singular whenever necessary to bring within the scope of these Interrogatories that which might otherwise be outside their scope.

6.    You are under a continuous obligation to supplement your answers to these interrogatories under the circumstances specified in Fed.R.Civ.P. 26(e).

7.    Unless otherwise specified, the time period for each request is January 1, 2006 to the present.

## DEFINITIONS

A.    "DCMS Code" means the computer code of the "Document Control and Case Management System (DCMS)" as delivered by Richmar to GW and described in the Plaintiff's complaint.

B.    "Defendant" refers to The George Washington University, and to any agent, director, shareholder, employee, attorney, or other natural person or legal entity acting or purporting to act for or on behalf of George Washington University, whether authorized to do so or not.

C.    "Plaintiff" refers to Cus4, Inc. d/b/a RICHMAR & Associates or any agent, employee, attorney or other natural person acting or purporting to act for or on behalf of RICHMAR.

3

D.    "Person" includes not only natural persons, but also, without limitation, firms, partnerships, associations, corporations, and other legal entities, and divisions, departments, or other units of them.

E.    "Identify" a person means to state his or her full name, his or her present or last known business address and telephone number and his or her present or last known employer and position with that employer.

F.    "Document" is used in its customary broad sense, and includes, but is not limited to, original and nonidentical copies, regardless of location, as well as all notes, memoranda, charts, reports or summaries of interviews, agreements or contracts, opinions of counsel, assignments, licenses, notebooks, letters, catalogs, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of documents, specifications, grievances, faxes, telexes, telegrams, cables, charts, minutes or records of meetings, records, books, personnel files, recordings of any kind, accounts, computer records or diskettes or any other tangible item which is in existence now or at any prior time, and which is now or formerly was in the possession, custody or control of DEFENDANT or any of its agents, representatives, affiliates, predecessors, successors, or assignees.

G.    "Communication" means any document, oral statement, meeting or conference, formal or informal, whereby information of any nature was stated, written, recorded, or in any other manner conveyed, transmitted or sent.

H.    "Identify a Communication" means to state whether it was written or oral, its date, where it occurred, its substance, the medium or mode of communication used, and to Identify all persons who heard the communication or received copies of it, as applicable.

I.    "Identify a Document" means that identification should be sufficient to comply with a request for its production under Rule 34 of the Federal Rules of Civil Procedure, and should include, without limitation:

i. The full name and present or last known address of the author;

ii. The author's present or last known affiliation with or relationship with Defendant;

iii. The date of the Document;

iv. The general nature of the Document, i.e. whether it is a letter, a memorandum, report, etc.;

v. The general subject matter or content;

vi. The name and address of each recipient and their present or last known relationship with Defendant;

vii. The name and address of the Person having possession of the original and its location, or if unknown, of copies;

viii. Whether Defendant is willing to produce the document voluntarily for inspection and copying; and

ix. Any claim or privilege Defendant believe protects the Document from discovery and the basis of the claim or privilege. If the Document was, but is no longer in Defendant's control, state if it is:

a. missing or lost;

b. destroyed;

c. transferred to another person; or

5

d. otherwise disposed of; and for each such Document, explain the circumstances surrounding the authorization for such disposition.

J.      In lieu of Identification, a Document or copy may be produced, suitably labeled and organized under Rule 34 of the Federal Rules of Civil Procedure, for inspection and copying at the time Defendant serves its answer to these interrogatories, or at a time and place mutually agreed to by counsel on or before the date for serving the answer.

K.      Any other words, phrases, or terms shall be construed as having their ordinary meaning.

## INTERROGATORIES

1.      Please identify the person or persons answering these interrogatories.

2.      Please identify and state the qualifications of each expert whom Defendant may call as an expert witness at trial, the subject matter upon which the expert will testify, and state whether the expert has prepared any report relevant to this case.

3.      Please identify all copies of the DCMS Code currently in Defendant's possession, including CVS tag, version number (s) or other identifiers.  Include in your answer:

a.      For each copy of the DCMS Code identified in the answer to this Interrogatory, please identify the person from whom the DCMS Code was obtained and the date obtained.

b.      For each copy of the DCMS Code identified in this Interrogatory, please state whether defendant acquired a license agreement for the copy, and describe the contents of the license agreement.

4.      Please identify all communications between Defendant and Plaintiff regarding the ownership and/or copyright ownership of the DCMS Code.

5.      Please identify all modifications, alterations or changes to the DCMS Code since December 18, 2006, and include in your answer:

a.      Identification of the person or organization that performed the modification, alteration, or change;

b.      The date(s) of such modification, alteration or change;

c.      The purpose of such modification, alteration or change;

d.      And identify all documents that discuss, refer or regard such alteration, modification or change.

6.      Please answer whether any copies of the DCMS Code have been made since December 18, 2006, and include in your answer:

a.      Identification of the person or organization that made the copy or copies ;

b.      The date(s) of such copy or copies;

c.      The purpose of such copy or copies; and

d.      And identify all documents that discuss, refer or regard such copy or copies.

7.      Please answer whether any copies of the DCMS Code have been distributed since December 18, 2006, and include in your answer:

    a.     Identification of the person or organization that distributed and received the copy or copies;

    b.     The date(s) of such copy or copies were distributed;

    c.     The purpose of such copy or copies being distributed; and

    d.     And identify all documents that discuss, refer or regard such copy or copies being distributed.

8.     Please identify all persons responsible for or involved in the maintenance of the DCMS Code since December 18, 2006 including, in addition to the other information required for identification of a person, the nature of each such person's responsibilities or involvement with the DCMS Code.

9.     Please state whether Defendant has a policy regarding employee, agent or officers copying of software from company computers or the network, and identify all documents which embody that policy.

10.     Please state whether Defendant has ever sold, destroyed, thrown away, given away, leased or otherwise disposed of a copy of the DCMS Code, and state the CVS tag, version number(s) or other identifier of such copy, the date of disposal, and identify the person or persons responsible for disposing of the copy, and, where applicable, identify the recipient of the copy.

11.     Please state whether Defendant has ever removed, or deinstalled, any copies of the DCMS Code from any computer or network file server, and state the date of removal or deinstallation, the CVS tag, version number(s) or other identifiers of the removed or deinstalled copy, the location and identification number of the computer or

network file server from which the copy was removed or deinstalled, and state the reasons for removing or deinstalling the copy.

12.    If Defendant contends that Plaintiff does not own the copyright in the DCMS Code, please state all facts upon which that contention is based and identify each person with knowledge of such facts.

13.    If Defendant contends that Plaintiff's copyright of the DCMS Code is not valid for any reason, please state all facts upon which each such contention is based and identify each person with knowledge of such facts.

DATED:  May 7, 2007

Respectfully submitted,

Geoffrey P. Gitner (DC Bar No. 176479)
Law Offices of Geoffrey P. Gitner
Watergate, Twelfth Floor
600 New Hampshire Ave., N.W.
Washington, D.C. 20037
Ph: (202) 772-5926
Fax: (202) 772-5858

Counsel to Plaintiff

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

**CUS4, INC. D/B/A**
**RICHMAR & ASSOCIATES et al.**

**Plaintiff,**

**v.**

**GEORGE WASHINGTON UNIVERSITY,**

**Defendant**

Case No. _____

## PLAINTIFF'S FIRST REQUEST FOR
## <u>PRODUCTION OF DOCUMENTS TO DEFENDANTS</u>

Pursuant to Federal Rules of Civil Procedure 26 and 34, plaintiff hereby requests defendant, George Washington University ("GW" or "defendant") produce the documents and things designated below, in accordance with the definitions and instructions set forth below, for inspection and copying at The Law Offices of Geoffrey P. Gitner, Watergate, Twelfth Floor, 600 New Hampshire Avenue, N.W., Washington, D.C. 20037, within thirty (30) days of service, or at such other reasonable time and place as agreed upon by counsel or ordered by the Court.

## I.    <u>DEFINITIONS</u>

A.    "DCMS Code" means the computer code of the "Document Control and Case Management System (DCMS)" as delivered by Richmar to GW and described in the Plaintiff's complaint.

B.      "Defendant" refers to George Washington University, and to any agent, director, shareholder, employee, attorney, or other natural person or legal entity acting or purporting to act for or on behalf of George Washington University, whether authorized to do so or not.

C.      "Plaintiff" refers to Cus4, Inc. d/b/a RICHMAR & Associates or any agent, employee, attorney or other natural person acting or purporting to act for or on behalf of RICHMAR.

D.      "Person" includes not only natural persons, but also, without limitation, firms, partnerships, associations, corporations, and other legal entities, and divisions, departments, or other units of them.

E.      "Identify" a person means to state his or her full name, his or her present or last known business address and telephone number and his or her present or last known employer and position with that employer.

F.      "Communication" means any document, oral statement, meeting or conference, formal or informal, whereby information of any nature was stated, written, recorded, or in any other manner conveyed, transmitted or sent.

G.      "Identify a Communication" means to state whether it was written or oral, its date, where it occurred, its substance, the medium or mode of communication used, and to Identify all persons who heard the communication or received copies of it, as applicable.

H.      The word "document" as used herein is defined in the broadest sense permitted by Federal Rule of Civil Procedure 34, and specifically includes but is not limited to the original and any copy of any letters, E-mails, reports, correspondence,

2

records, minutes, agreements, audio tape recordings, transcriptions, memoranda, papers, stenographic or handwritten notes, writings, magnetic tapes, video tapes, CD-Roms, discs and other media, computer cards, tapes, printouts or other computer or machine readable records, photographic pictures, slides, negatives, microfilm or microfiche, statistical compilations, projections, studies, publications, books, pamphlets, periodicals, inter-office or intra-office communications, telegraphs, applications, permits, charts, graphs, surveys, drafts, lists, accumulation of data, diaries, calendars, time-keeping records, telephone records or other memoranda of calls received or other memorialization or tangible evidence of the occurrence or substance of oral communication, or any other written, recorded, transcribed, filed or graphic matter, however produced or reproduced, to which the defendant has or had access.

I.    A Document "refers to," "regards," or which "relates to," any subject matter shall mean any Document which constitutes contains, embodies, evidences, reflects, supports, concerns, identifies, states, refers to, regards, records, deals with, describes, explains, or is in any way pertinent to that subject.

J.    "Meeting" shall mean any assembly, convocation, encounter, or coincidence of two or more Persons face-to-face, telephonically or by audio and/or video-conference, for any purpose, whether or not planned.

K.    "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Request for Production of Documents which might otherwise be construed to be outside its scope.

L.    The word "thing" means anything tangible which constitutes or contains matters within the scope of Fed.R.Civ.P. 26.

3

M.      Also included in the definition as used herein are files, file folders, and books and their contents. Accordingly, produce files, file folders, and books which are responsive hereto. Produce such files, file folders, and books along with and containing their contents.

## II.    INSTRUCTIONS

A.      Unless otherwise specified, the time period applicable to these requests is January 1, 2006 to the present.

B.      Each document request herein seeks all information available to you, your attorneys or agents, and any other person acting on your behalf. As to the manner of this production, plaintiff specifies:

(1)      that the documents and things shall be organized for production so as to correspond with the categories of this request;

(2)      that the document and things produced shall be numbered;

(3)      that defendant's written response to this request shall, by reference to such numbers, accurately show what documents and things are produced in response thereto; and

(4)      that the documents and things shall be then and there copied by plaintiffs or plaintiffs' attorneys to the extent such copying is desired.

C.      If the original of a document is within your possession, custody, or control produce the original. Any copy of a document on which any notation, addition, alteration, or change has been made is to be treated as constituting an additional original document.

4

D.     If defendant contends that any document or other items responsive to Plaintiff's First Request for Production of Documents are privileged, note such a failure to produce as an objection to the request, comply with the request to the extent it is not subject to the objection, and for each document or item claimed to be privileged:

(1)     Briefly describe the nature and contents of the matter claimed to be privileged;

(2)     Identify the name, occupation and capacity of the individual from whom the privileged matter emanated;

(3)     Identify the name, occupation and capacity of the individual to whom the alleged privileged matter was directed;

(4)     State the date the alleged privileged matter bears; and

(5)     Identify the privilege claimed.

E.     Plaintiff's attorneys invite defendant's attorneys to contact them if the above specified time or place is especially inconvenient or burdensome, so that mutually acceptable arrangements can be discussed.

## III.    DOCUMENTS REQUESTED

### Request No. 1.

Documents sufficient to identify the name of every individual or entity that has or has had access to the DCMS Code on or after December 18, 2006 and that identifies the following:

a.     The date the individual or entity first obtained access to the DCMS Code and any subsequent date that the individual or entity had access to the DCMS Code;

b.     The geographic location of such individual or entity;

5

c.      The purpose(s) for which the individual or entity was given access to the Software;

d.      Any agreements or contracts regarding the individual or entity having access to the DCMS Code.

**Request No. 2.**

Documents sufficient to identify the names of individuals or entities that have manipulated, altered or modified the DCMS Code since on or after December 18, 2006 and sufficient to identify the following:

a.      The date the individual or entity first manipulated, altered or modified the DCMS Code and all subsequent dates that the individual or entity manipulated, altered or modified the DCMS Code;

b.      The geographic location of such individual or entity;

c.      The purpose(s) for which the individual or entity manipulated, altered or modified the DCMS Code;

d.      Any agreements or contracts regarding the individual or entity manipulating, modifying or altering the DCMS Code.

**Request No. 3.**

Any and all documents that regard or refer to manipulation, alternation or modification of the DCMS Code since on or after December 18, 2006.

**Request No. 4.**

All documents prepared by the defendant that regard or refer to any and all considerations, reviews or opinions of manipulating, altering or modifying the DCMS Code from November 1, 2006 to the date of response of these Requests for Documents.   .

6

**Request No. 5.**

All documents since November 1, 2006 that identify any and all outside contractors or persons or entities not employed by defendant (hereafter "third party") who have reviewed or copied the DCMS Code. Include in with this Request:

      a.    Any and all documents that regard or refer to the reason such third party obtained access to the DCMS Code and/or copied the DCMS Code.

      b.    Any and all documents that regard or refer to any report, memorandum, document or communication received from such third party referring to or regarding the DCMS Code.

**Request No. 6**

As of the date of your response to these Requests, the complete CVS repository of the DCMS Code.

**Request No. 7**

Any and all DCMS Change Request Forms (or any reasonable variation thereof or of the title of such documents) from November 1, 2006 to the present.

**Request No. 8**

Any and all DCMS Agenda and Meeting Minutes (or any reasonable variation thereof or of the title of such documents) from November 1, 2006 to the present.

**Request No. 9**

Any and all documents received from or sent by you to Crown Partners Consulting from November 1, 2006 to the present.

**Request No. 10**

Any and all documents that record copies made of the DCMS Code. Include in this response any and all documents that identify:

      a.     The date the individual or entity first obtained a copy of DCMS Code and any subsequent date that the individual or entity obtained a copy of the DCMS Code;

      b.     The geographic location of such individual or entity;

      c.     The purpose(s) for which the individual or entity was given a copy of the DCMS Code;

      d.     Any agreements or contracts regarding the individual or entity having or receiving a copy of the DCMS Code.

**Request No. 11**

Any and all documents known as the Issue Tracking System, also known as Mantis from December 1, 2006 to the present.

**Request No. 12**

Any and all DCMS Steering Committee notes from November 1, 2006 to the present.

**Request No. 13.**

All documents prepared by defendant since November 1, 2006 refer or regard the allegation in Ronald Bonig's letter of March 23, 2007 to Richard Gordon that: 1) "Richmar failed miserably in its attempts to perform under the contract . . . ."; 2) that "GW was billed for work that was not delivered . . . ."; 3) that "work was done incorrectly and had to be re-done by Richmar (for which we [GW] were then billed again) . . . ."; 4) that GW was billed "for work that was not within the scope of the

agreement . . .”; 5) and that GW was billed "for work that resulted in delivery of seriously

flawed work product---which my staff has had to spend countless hours fixing."

### Request No. 14

Documents sufficient to identify the names and types of services provided by GW

Information System Services as a vendor, that identify external customers, and identify

the individuals responsible for managing the services.

DATED:   May 7, 2007

Respectfully submitted,

Geoffrey P. Gitner (DC Bar No. 176479)
Law Offices of Geoffrey P. Gitner
Watergate, Twelfth Floor
600 New Hampshire Ave., N.W.
Washington, D.C. 20037
Ph: (202) 772-5926
Fax: (202) 772-5858

Counsel to Plaintiff