UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CUS4, INC. d/b/a RICHMAR & ASSOCIATES et al., <br><br> Plaintiffs, <br><br> v. <br><br> GEORGE WASHINGTON UNIVERSITY, <br><br> Defendant. | Civil Action <br> No. 07-0841 (JR) |

## STIPULATED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION

WHEREAS the parties agree that each of them possesses Discovery Material likely to be encompassed within discovery requests or disclosures in this action that contain confidential proprietary information, business sensitive information and/or information invasive of individual privacy, the disclosure of which could cause damage to those parties; and

IT IS HEREBY AGREED AND ORDERED THAT the following principles and procedures designed to assure the protection of proprietary or confidential Discovery Material and information shall govern any and all disclosures and discovery among the parties:

1. <u>Scope of Order: Discovery Material Considered "CONFIDENTIAL"</u>. The parties hereby agree that all Discovery Material produced by parties in this litigation

shall be deemed CONFIDENTIAL (whether or not marked as such) and used by the receiving parties solely for the purpose of this litigation (absent express consent from the producing party), and the parties agree to maintain the confidentiality of all such Discovery Material and not disclose it to any non-party to the litigation (other than the parties' retained experts, consultants, or counsel), except and only to the extent such Discovery Material is used as exhibits in depositions, in motion papers or at trial in this litigation as discussed further below.

2. <u>Designation of "Discovery Material"</u>. The parties agree that, in addition to the default CONFIDENTIAL status conferred under paragraph 1 above, a producing party may at any time expressly designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" particular Discovery Material that it has produced, or portions of deposition testimony referencing such Discovery Material or other confidential information, and those specifically-designated materials shall thereafter be treated as required by those designations, as set forth herein. The foregoing is without prejudice to the right of any party to challenge or seek modification of such CONFIDENTIAL or HIGHLY CONFIDENTIAL status.

a. "Discovery Material" for purposes of this Order, shall include, but not be limited to any information, document, tangible thing, computer code (whether source code, object code, executable code or otherwise), deposition testimony or transcript, writing, recording, or photograph, and any other similar materials, or portions thereof, produced or obtained through any discovery device provided by the Federal Rules of Civil Procedure.

b.  A producing party may designate any Discovery Material as HIGHLY CONFIDENTIAL by stamping the document as such or by providing supplemental written notice designating the material as HIGHLY CONFIDENTIAL as soon as practicable and the receiving party shall make a good faith effort to stamp the words "HIGHLY CONFIDENTIAL" on each such page, and all copies thereof, as requested by the designating party and, from that point forward, treat such material in all respects as highly confidential material.  With respect to any deposition exhibit or transcript, or any portion thereof, that designation shall be made on the record at the deposition or within thirty days of receipt of the deposition transcript by the designating party, and the transcript of such deposition or portion thereof shall be so marked.  With respect to answers to interrogatories, to requests for production of documents, and to requests for admission and the information contained therein, the designation shall be made on the first page of any such set of answers and on each succeeding page that contains information designated as confidential.

c.  Production or disclosure of documents or information deemed "CONFIDENTIAL" or designated "HIGHLY CONFIDENTIAL" shall be governed by the terms of this Order unless such designation is withdrawn, either by agreement of the designating party or by order of the Court.  For purposes of this Order, any confidential designation shall thereafter include all copies of such materials delivered to or maintained by the receiving parties, their counsel and experts, as well as all summaries, studies, reports, exhibits, illustrations, or other materials or communications of any kind, created

3

by experts, consultants or others, based upon, referring to, revealing, including, or incorporating in any way, in whole or in part, such confidential materials.

3. <u>Challenging the Designation of Confidential Information</u>. Any party may dispute the designation of particular material or information contained in Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL. If any party believes that material which has been so designated should not be so designated, such party, after first attempting to resolve the dispute informally among counsel, may submit such dispute to the Court, by duly noticed written motion, for resolution. Discovery Material or information claimed to be confidential that is subject to a dispute as to the degree of disclosure allowed or as to whether it is in fact confidential material or information shall, until further order of the Court, be treated as confidential in accordance with the provisions of this Order notwithstanding the existence of such dispute.

4. <u>Persons To Whom Material Designated as "CONFIDENTIAL" May Be Disclosed</u>. Counsel for each party who obtains Discovery Material that is deemed "CONFIDENTIAL" under this Order shall not disclose or permit disclosure of such material (and any of its contents or any information revealing the contents) to any other person or entity, except as follows:

a. <u>Parties and their Directors, Officers and Employees</u>. Disclosure may be made to parties, and to directors, officers and employees of parties who are involved with the preparation for, and proceedings concerning, the above-captioned action or any appeals therein. Any such director, officer or employee to whom disclosure is made shall be advised of, and become subject to, the provisions of this Order requiring

4

that documents or information designated as confidential material (and their contents) be held in confidence and not disclosed to any person other than those authorized persons listed in this Paragraph 4.

    b.    <u>Counsel and their Employees and Contractors</u>.  Disclosure may be made to counsel in the litigation and to their employees and contract lawyers, paralegals or administrative support personnel (including persons or firms engaged in the copying or organization of documents or conversion of documents from or to electronic media) retained by counsel, who are involved with the preparation for, and proceedings concerning, the above-captioned action or any appeals therein.  Any such employee or contractor to whom disclosure is made shall be advised of, and become subject to, the provisions of this Order requiring that documents or information designated as confidential material (and their contents) be held in confidence and not disclosed to any person other than those authorized persons listed in this Paragraph 4.

    c.    <u>Experts and Consultants</u>.  Disclosure may be made to consultants or experts employed, contracted or utilized by any party or counsel to any party to assist counsel in the preparation for, and proceedings concerning, the litigation, and to employees or support staff of such consultants or experts who are involved with assisting the consultant or expert in connection with the above-captioned action.  Prior to disclosure to any expert or consultant and his support staff, such expert or consultant must agree to be bound by the terms of this Order by executing the Confidentiality Agreement annexed hereto as Exhibit A.  Counsel that disclose such Confidential

Material or other confidential information to any expert or consultant and his support staff shall retain the signed Confidentiality Agreement.

        d.     <u>Potential or Testifying Witnesses and Court Reporters</u>. Disclosure may be made to persons who may be potential witnesses or to persons called to testify under oath in the context of a deposition in connection with the prosecution/defense of the above-captioned action and to stenographers, videographers or other court reporters contracted to transcribe or record such depositions, but only if such persons are informed of the terms of the Order, provided with a copy of the Order and told that they are bound by the terms of the Order and are required not to disclose proprietary or confidential information which may be contained in the Discovery Material or information designated as confidential.

        e.     <u>Disclosure To The Court</u>. Disclosure may be made at any time to the United States District Court for the District of Columbia or any judge, special master, magistrate judge, clerk, or employee with responsibility over this lawsuit, provided that (subject to the further qualification below regarding deposition exhibits and request for admission exhibits), the disclosing party shall make reasonable best efforts to seek to have any such disclosure of materials designated "HIGHLY CONFIDENTIAL" be by sealed submission (unless the producing party expressly waives the under-seal requirement with respect to those materials).

5.     <u>Material Designated as "HIGHLY CONFIDENTIAL"</u>. In the event a party or non-party produces Discovery Material that it determines is not adequately protected by the terms of this Order concerning "CONFIDENTIAL" materials, it shall

6

identify that material as "HIGHLY CONFIDENTIAL" and such Discovery Material may only be disclosed to those persons identified in Subparagraphs 4b, 4c, and 4e, or to a witness who is at that time testifying under oath (in deposition or court) in this lawsuit, pending further negotiation and agreement as to appropriate confidentiality provisions with regard to that material. In the event the parties are unable to resolve any dispute as to the appropriate confidential treatment of HIGHLY CONFIDENTIAL material, such dispute shall be submitted to the Court. The party seeking to assert the need for confidential treatment shall bear the burden of persuasion in any dispute.

6.   Material Designated as "ATTORNEYS' EYES ONLY". In the event a party or non-party produces Discovery Material that it determines is not adequately protected by the terms of this Order for "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" material, it shall identify that material as "ATTORNEYS' EYES ONLY" and such Discovery Material may only be disclosed to those persons identified in Subparagraph 4b or to a witness who is at that time testifying under oath (in deposition or court) in this lawsuit, pending further negotiation and agreement as to appropriate confidentiality provisions with regard to that material. In the event the parties are unable to resolve any dispute as to the appropriate confidential treatment of "ATTORNEYS' EYES ONLY" material, such dispute shall be submitted to the Court. The party seeking to assert the need for confidential treatment shall bear the burden of persuasion in any dispute.

7.   No Use Permitted For Other Purposes. Discovery Material deemed confidential under this Order (and their contents or information revealing their contents)

shall not be used or disclosed by any party, or person to whom disclosure has been made under Paragraphs 4 and 5, in (a) litigation other than this lawsuit, (b) for business or competitive purposes, or (c) for any purpose whatsoever other than the preparation for, and proceedings concerning, the above-captioned action and any appeals therein.

    8.    <u>Filing of Confidential Material.</u> Except to the extent otherwise set forth in this paragraph 8, when a party submits to the Court HIGHLY CONFIDENTIAL or ATTORNEYS' EYES ONLY material produced by another party or non-party, it shall initially file, in compliance with the normal procedures of this Court, a redacted version of any such submission with the Clerk of the Court (without prejudice to the right of any party to seek modification of such confidential or under-seal status). Such a redacted version of any such submission shall be prepared in a manner so as to prevent any confidential material from being disclosed. The moving party shall serve unredacted versions of the submission on the parties and shall deliver an unredacted courtesy copy to the Court. The foregoing is without prejudice to the ability of a party to file any document with the Court in any event if, notwithstanding reasonable efforts to file under seal, permission for filing or keeping the document under seal could not be obtained. In such circumstance, the party will immediately contact the producing party to give notice that permission for filing or keeping the Discovery Material under seal could not be obtained.

    9.    <u>Custodian Of Discovery Material.</u> The signatories to this Order shall be deemed Custodians of any confidential materials that they, their client, their law firms, or any experts or consultants utilized by them or their law firms in the above-captioned

actions may receive. Each of the Custodians agrees to be responsible for compliance with this Order by their law firm or consultants utilized by them or their law firms, and shall reasonably ensure that clients, attorneys and other personnel employed or contracted by their law firm are aware of and adhere to the proper treatment of confidential material pursuant to this Order.

10.     Copies of Discovery Material. Copies of Discovery Material, and the documents prepared by counsel or an expert or consultant that incorporate or reveal confidential information or information from confidential material, shall be subject to the same treatment hereunder as are the original documents or information produced.

11.     Third Party Subpoenas, Requests and Orders for Documents. If another court, party to another lawsuit, or administrative agency orders or subpoenas production of material designated as confidential, the party receiving such order or subpoena shall, before complying with such order or subpoena, promptly notify, in writing, the party or other person who produced the confidential material of the pendency of such subpoena or order and before producing the confidential material, shall provide that party with a reasonable time period not less than ten (10) days from receipt of the notice to object to such disclosure.

12.     No Waiver Admission or Prejudice. The designation of any document, deposition exhibit, deposition transcript, answer to interrogatory, answer to request to produce, answer to request for admission or information as confidential is intended solely to facilitate preparation for trial, and treatment in conformity with such designation shall not be construed in any way as an admission or agreement that the designated document

or information contains any trade secret or confidential information. The entry of this Protective Order or the agreement by any party to its terms does not prejudice or limit any party's right to apply for a further protective order requesting more restrictive treatment of confidential material or that discovery of confidential material not be permitted at all; nor does entry or agreement to this Protective Order prejudice or limit any party's right to argue to the Court that information designated confidential pursuant to this Order should not be so treated.

13. <u>Notification Upon Improper Disclosure</u>. If any Discovery Material or information deemed or designated as confidential material (or their contents) are disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall upon discovery of the disclosure immediately inform the designating party whose information is disclosed of all facts pertinent thereto which, after due diligence and prompt investigation, are known to the party responsible for the disclosure, including the name, address and employer of the person to whom the disclosure was made, and shall make reasonable efforts to prevent disclosure by each unauthorized person who receives such information.

14. <u>Disposition Of Discovery Material Upon Final Determination Of The Action</u>. Within thirty days following a final judgment in the above-referenced matter, unless otherwise agreed to in writing by counsel for all parties to that action, or unless subject to other legal requirement to retain such materials, each party to that action shall, through its counsel, complete and deliver to the designating party a certificate in the form attached hereto as Exhibit B ("Certificate"), certifying that they have performed or

caused to be performed a complete and thorough search of their files, counsel's files, and the files of those to whom they distributed any confidential materials covered by this Order, and that, to the best of their knowledge, all such files have been purged of all such confidential materials, except for attorney work product. Pursuant to the terms of the Certificate each party and its counsel shall further certify that, to the best of their knowledge, all confidential materials delivered to it, including confidential materials now in its control or the control of persons to whom it distributed such information, have either been assembled and delivered with the Certificate or, to the extent not so delivered, that all such confidential materials (except for attorney work product) have been destroyed. Notwithstanding anything contained herein to the contrary, counsel shall be permitted to retain copies of all court filings, transcripts, exhibits and work product containing or reflecting confidential materials; provided, however, that they shall treat such materials as confidential.

15. <u>No Restriction On Designating Party's Use Of Confidential Materials</u>. Notwithstanding any other provision of this Order, the party producing to another party materials deemed confidential does not thereby lose the freedom to deal with its own documents or information in the manner of its own choosing.

16. <u>No Restriction on Non-designating Party's Use of Materials in Its Possession Before Commencement of The Actions</u>. Notwithstanding any other provision of this Order, the party who receives documents or information deemed or designated as confidential by the sending party does not lose the freedom to deal in any manner as it

may legally have done so prior to the above-captioned actions with documents or information in its possession before such action was commenced.

17. <u>No Restriction On Asserting Privileges</u>. Nothing in this Order shall be deemed to waive any legally cognizable privilege to withhold any document or information.

18. <u>Inadvertent Production of Privileged Information</u>. The inadvertent production of any document or other information in the above-captioned action shall be without prejudice to any claim that such material is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or ground for withholding production, and no party shall be held to have waived any rights by such inadvertent production. The producing party may request the return of any document that party subsequently identified as being subject to a privilege or work product protection, and any document requested to be returned (and all copies thereof) shall be promptly returned by the recipient and all records of the contents of such document destroyed. Inadvertent production of any document does not constitute a waiver of privilege or work product protection with respect to any other document or subject matter.

19. <u>Further Orders Regarding Confidentiality</u>. Any party, after good faith consultation with the other parties, is free to apply to this Court for a modification of this Order or for other protective orders regarding the production and treatment of information designated or believed to be confidential by any party.

20. <u>Counterpart Execution</u>. This Order may be executed in multiple counterparts, no one of which needs to be executed by all of the parties.

21. <u>Retention of Jurisdiction</u>. This Court shall retain jurisdiction to enforce the terms of this Order. This Order is without prejudice to the right of any party to seek additional protection from the Court to preserve the confidentiality of documents or information produced in the above-captioned actions.

22. <u>Trial</u>. The parties will cooperate to attempt to reach agreements with respect to the use of confidential information and documents at trial of the above-captioned actions.

Dated: June 14, 2007

ARNOLD & PORTER LLP
Attorneys for The George Washington University

By: _____
James W. Thomas, Jr.

555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
Tel: 202-942-6421
Fax: 202-942-5999
Email: James_Thomas@aporter.com

LAW OFFICES OF GEOFFREY P. GITNER
Attorney for CUS4 d/b/a Richmar & Associates

By: _____
Geoffrey P. Gitner

Watergate, Eleventh Floor
600 New Hampshire Avenue, N.W. Washington,
Washington, D.C. 20037
Tel: 202-772-5926
Fax: 202-772-5858
Email: ggitner@gitner.com

# ORDER

SO ORDERED this _____ day of June, 2007



/s/_____
HONORABLE JAMES ROBERTSON
UNITED STATES DISTRICT JUDGE